## GREENLEAF & a. *vs.* PERRIN, and FORBES, trustee.

In order to charge a person as trustee of a principal debtor, it must appear that
he was indebted to the principal, or had property of his in possession.

Where the supposed trustee had made a pretended purchase of real estate at
auction, by bidding at the request of the principal; and had also taken a
colorable mortgage of personal property belonging to the principal; but in
fact no debt was contracted, and no possession of the property was taken;
it was *held* that he could not be charged as trustee.

FOREIGN ATTACHMENT.   From the disclosure of the sup-
posed trustee it appeared, that some time previous to the
service of the writ on him, Perrin, the principal debtor, gave
notice that he would sell certain real estate at auction—that
at the time of sale the trustee attended, and at Perrin's
request, and upon his assurance that he should not be held
to any bid he might make, he " acted as a by-bidder," and
the premises were struck off to him—but the trustee stated

that he never considered himself holden for his bid—that he never took any deed or conveyance in pursuance of it, and Perrin never requested him so to do. By a subsequent contract, Perrin conveyed the property to him for a less sum, part of which he had paid, and for the residue had given negotiable notes, which had been transferred to third persons.

It farther appeared, that after the transaction respecting the real estate, Perrin gave the trustee a mortgage of certain personal property, purporting to be upon a condition for the payment of the sum of fifty dollars. The mortgage was made out without the knowledge of the trustee, and handed to him, upon which he caused it to be recorded, and paid Perrin the sum of fifty dollars, which was soon after repaid. The trustee never had any control of the property, or any possession of it, but Perrin and his family disposed of it.

*Nesmith,* for the plaintiffs.

*Bell,* for the trustee.

PARKER, J. There is no doubt that the trustee has acted improperly, and it is probable that through his means the creditors of Perrin, the principal debtor, may have been defrauded. But he cannot be charged as trustee upon this ground. If at the time of the service of the process he was not, and has not since been, indebted to the principal, and has not had property of his in possession, he must be discharged from this suit.

He cannot be charged by reason of the transactions respecting the sale of the real estate at auction, because, according to his disclosure, although he was the highest bidder, he was not in fact a purchaser, and did not become indebted to Perrin upon that occasion. The bidding was at the request of Perrin, for the purpose of raising the price of his property, and the trustee acted for him. No conveyance was made in consequence of this, and of course nothing

became due from the trustee to Perrin on that account. The subsequent conveyance to him by Perrin cannot alter the case, as he swears that this was under a new and distinct contract, for a sum which he has in part paid, and for the residue he is responsible to third persons who hold his notes.

So in relation to the mortgage of personal property, it was merely a colorable transaction. Had the trustee taken possession of the property he might have been charged, because the mortgage was clearly fraudulent and void as to creditors. But he never received the property or interfered with it, and under these circumstances he cannot be charged as trustee. A false coloring was given to the condition of the property, but this did not withdraw it from the creditors, or charge the mortgagee with the possession. Possession does not necessarily accompany a mortgage of personal property. 5 *N. H. Rep.* 545, *Ash* vs. *Savage.* And in the language of the trustee's counsel, " he cannot be compelled to disgorge what he has not swallowed."

*Trustee discharged.*