EBENEZER T. WHEELER *v.* EDWARD EMERSON AND B. F. EMERSON, TRUSTEE.

Where a trustee has been charged for or on account of certain promissory notes belonging originally to the principal defendant, and which were secured by mortgages of personal or real estate, and said promissory notes, under an order of the court, have been placed in the hands of a receiver, the deeds of mortgage also pass to the receiver under the power of this order, and are to be disposed of agreeably to the same.

Generally, a trustee is liable for whatever moneys, &c., may be in his hands at the time of the service of plaintiff's writ upon him, belonging to the principal debtor, subject to such legal and equitable set-off as the trustee may be entitled to have against said debtor.

The trustee cannot be permitted to purchase in from the funds in his hands at the time of the service of plaintiff's writ upon him, or accruing at any time before his disclosure, any outstanding claim against the principal debtor, to the prejudice of the attaching creditors.

FOREIGN ATTACHMENT. The court reserved two questions for the determination of the whole court; other questions upon the same disclosure in the same case have recently been decided at the law term. The former case and the disclosure are made a part of this case, and may be referred to in argument.

The trustee was charged for certain notes in his possession signed by other persons and payable to the defendant, and a receiver was appointed. The trustee had in his possession certain mortgages of real estate made by said other persons to the defendant, to secure said notes, and the first question reserved was, whether the trustee should be charged for said mortgages.

After the service of said writ on the trustee, he purchased certain notes against the defendant, and, after said purchase, received $104.50, in pursuance of the power of attorney, under which he was acting for said defendant, and redeemed said sums under said power of attorney, and applied the $104.50, by consent of defendant, in part set-off of said notes so purchased.

*B. F. Emerson*, for trustee, referred the court to *Haven* v. *Wentworth*, 2 N. H. 93; *Adams* v. *Barrett*, 2 N. H. 375; *Greenleaf* v. *Perrin*, 8 N. H. 273; *Boardman* v. *Cushing*, 12 N. H. 112; *Swamscot Machine Co.* v. *Partridge*, 25 N. H. 369; *Hills* v. *Smith*, 19 N. H. 381.

*A. W. Sawyer*, for plaintiff, argued, that deeds of mortgage, taken in connection with the notes secured by them, are goods, chattels, rights, or credits within the meaning of the statutes relating to foreign attachment, and, as an incident to the debt, will pass by a parol transfer of the *debt* itself, *Whittemore* v. *Gibbs*, 24 N. H. 484, *Rigney* v. *Lovejoy*, 13 N. H. 253 ; also, that the trustee must be held liable for what was in his hands belonging to defendant at the time of the service of plaintiff's writ, and before disclosure. Comp. Laws, Chap. 221, secs. 8 and 16 ; *Allen* v. *Megguire* & *Trustee*, 15 Mass. 490 ; *Brewer* v. *Pitkin* & *Tr.*, 11 Pick. 301 ; *Boston Type Comp.* v. *Mortimer*, 7 Pick. 167 ; *Swamscot Machine Comp.* v. *Partridge* & *Tr.*, 25 N. H. 369 ; *Boston* & *Maine Railroad* v. *Oliver*, 32 N. H. 179.

Upon the rights of power of set-off, there were cited *Ingraham* v. *Olcock* & *Tr.*, 14 N. H. 243 ; *Smith* v. *Stearns*, 19 Pick. 22 ; *Lamb* v. *Stone*, 11 Pick. 527.

NESMITH, J.   It is the well settled law of this State, and supported by various decisions, that, wherever a note is legally transferred, which is secured by a deed of mortgage, such transfer of the note carries with it the deed of mortgage as its legitimate incident.   And this may be so where the transfer is by parol.   *Whittemore* v. *Gibbs*, 24 N. H. 484 ; *Rigney* v. *Lovejoy*, 13 N. H. 253 ; *Kelley* v. *Burnham*, 9 N. H. 20 ; *Bell* v. *Woodward*, 34 N. H. 90 ; *Moore* v. *Beasom*, 44 N. H. 215.   Wherever the notes are designed to go, they carry along the security, so that the intent and true interests of the parties may be fully sustained, and effectually carried out.

The promissory notes in the trustee's hands, which are secured by mortgage of real estate or personal chattels, having, by an order of court, passed into the hands of a receiver, said deeds also, as their security, will be delivered up, according to the purpose and intent of said order, to said receiver.

Under the 8th and 16th sections of chapter 221 of the Compiled Laws, page 520, and the construction given by the courts to the same, it may now be considered as well settled, that the service of the trustee process operates as a lien upon whatever is attachable under this statute, and which may then be in the hands of the trustee, as the property of the principal, or which may subsequently come into his hands or possession at any time before the disclosure of the trustee.   *Edgerly* v. *Sanborn*, 6 N. H. 397.   Nor can the trustee permit the property in his hands to return to the debtor's use.   *Aldrich* v. *Woodcock*, 10 N. H. 99.   If the trustee permit such property to be sold, he will be chargeable with its value, with interest thereon from the time of sale.   *Brown* v. *Silsby* & *Tr.*, 10 N. H. 521.   Nor is a verbal promise of the trustee to pay over any balance exceeding his own claim, to any other of the principal debtor's creditors, binding upon the trustee, upon the principle, that such payment would prejudice the attaching creditor, who has obtained his legal lien upon the same balance.   *French* v. *Lovejoy*, 12 N. H. 458.

But the principle is well settled, that the trustee may retain in his

hands, of the funds of the debtor, an amount equal to all sums, of which said trustee might legally or equitably avail himself by way of set-off, by any of the modes allowed either by the common or statute law, if the action were brought by the defendant himself against the trustee. One of the common and material elementary principles, applicable to the doctrine of set-off, is, that the claims between the parties should be mutual in their character, and should exist at the time of the commencement of the suit. *Swamscot Machine Comp.* v. *Partridge*, 25 N. H. 374; *Boston & Maine Railroad* v. *Oliver*, 32 N. H. 179; *Boston Type Foundry* v. *Mortimer*, 7 Pick. 166.

We understand that the legal effect of the power of attorney holden by the trustee in this case has been already considered by the court in a former decision between these parties, and that the moneys received under it should go into the hands of a receiver, appointed under the trustee statute, by the court.

It is to be understood that the order of the court applied to the moneys which said trustee had in his hands at the time of the service of the process upon him, as well as to all recovered before his disclosure. Admitting, then, that the trustee has received into his hands $104.50, since the service of plaintiff's process upon him and before his disclosure, it cannot be pretended that he can prejudice the plaintiff's rights by the subsequent purchase in of any outstanding claim against the principal debtor. It is manifest, that the trustee could not make use of such demand, however just in itself, as a mutual set-off due to him and existing at the time of the service of plaintiff's writ. To permit a practice of this kind would be in derogation of the true intent of the statute, and of the spirit of the maxim of the law applicable to attachments: "*Qui prior est in tempore, prior est in jure.*"

The amount paid out by the trustee towards the debt, by him thus purchased, against his principal debtor, cannot be allowed, but he must be charged therefor.