BANFIELD *v.* WIGGIN & *Tr.*

| 58 | 155 |
| 67 | 265 |
| 58 | 155 |
| 69 | 396 |

A legacy, given to a trustee and disposable at his discretion for the benefit of another, cannot be attached by trustee process in an action against the beneficiary.

FOREIGN ATTACHMENT. The trustee is executor of the will of Nancy Wiggin. Among other provisions, the will contained one empowering the executor " to hold, use, and employ, and expend in such manner and at such times as he shall deem proper, for the benefit of G. H. W." (the principal defendant), " the sum of eight hundred dollars, authorizing said executor to pay the same, or any part thereof, to said G. H. W., in money, to invest the same in banks, bonds, or other good securities, for the benefit of said G. H. W. during his life, or otherwise, or to invest the same in a homestead for said G. H. W., either for life or in fee forever ; and if any part of said legacy shall remain unexpended at the decease of said G. H. W., the same to pass to E. W. and her heirs." The court discharged the trustee, and the plaintiff excepted.

*B. C. Carter,* for the plaintiff.

*Fox,* for the trustee.

STANLEY, J. As a general rule, to which this case forms no exception, the trustee cannot be charged, unless, at the time of the disclosure, the principal defendant had a right of action against him. *Greenleaf* v. *Perrin,* 8 N. H. 273 ; *Boardman* v. *Cushing,* 12 N. H. 112 ; *Getchell* v. *Chase,* 37 N. H. 106 ; *Adams* v. *Barrett,* 2 N. H. 374.

Where a trust is created for the benefit of a third person, and the trustee is vested with a discretion as to the time, amount, or manner of the payment to be made, he cannot be charged as trustee. *Richards* v. *R. R.,* 44 N. H. 127 ; *White* v. *Jenkins,* 16 Mass. 62 ; *Palmer* v. *Noyes,* 45 N. H. 174.

At the time of the disclosure the trustee held in his hands a fund in trust for the principal defendant, and in the disposition of it he was vested with discretion, not only as to the time and manner, but as to the purposes for which it might be applied.

*Exception overruled.*

BINGHAM, J., did not sit.