EASTMAN v. NEWMAN and Trustees.

BATCHELDER v. SAME.

MOORE & a. v. SAME.

FLINT v. SAME.

HALL v. SAME.

A sub-contractor, who performs labor or furnishes materials for erecting a building, but neglects to give notice in writing to the owner that he claims a lien therefor, acquires no lien upon the building for such labor or materials.

N. agreed with C. and Y. to erect for them a building for a fixed price. E., a creditor of N., attached certain lumber belonging to N. C. receipted for the lumber, and N. used it in the construction of the building. E., with other creditors of N., attached by trustee process the funds due from C. and Y. to N. P. had a lien on the building for materials used in its erection. *Held*, that in computing the amount for which C. and Y. were chargeable as trustees, the value of the lumber receipted for, and the amount which they were compelled to pay P. to discharge his lien, should be deducted from the price due for the erection of the building.

FOREIGN ATTACHMENT. Facts found by the court. In August, 1879, Newman, by a parol contract, engaged to build for the trustees, Clough and Young, upon land owned by them, a dwelling-house, according to certain plans and specifications, furnishing all the labor and materials, for the sum of $1,600. The trustees were to own the house in equal shares. The understanding at first was that each of the trustees would pay $100 a week until the whole sum should be paid, and that the work would be completed in eight weeks from its commencement; but this understanding was not carried out, either as to the time within which the work was completed, or the manner in which the payments were made. Newman began work October 9, 1879, and the building was substantially completed January 9, 1880, at which time he had furnished extra work and materials of the value of $58.22. October 24, one Parker served a written notice on Clough to the effect that he claimed a lien upon the building for materials furnished and to be furnished, by virtue of a written contract with Newman. January 8 the trustees paid Parker $94.51 in settlement of his claim, and prior to that date Clough paid Newman $75, to be used in paying Parker's claim. Prior to January 2, Clough paid Newman $527.38, and Young paid him $697.25, including the sum of $94.51 paid in settlement of the Parker claim. Thus the total amount of payments to Newman, including the sum of $200 paid prior to October 23, was $1,424.63.

Irrespective of the trustee process, there is due from the trustees $233.59.

The funds in the hands of the trustees were attached in the following order: By Batchelder, October 23; by Moore & Sons, October 23; by Eastman, January 2; by Flint, January 9; by Hall, January 9. Batchelder and Moore & Sons attached a quantity of lumber of the value of $120, intended for use in the construction of the building. Clough receipted for the lumber, and it was used for the purpose intended. Eastman furnished materials for the building, and attached it as the property of Newman, his writ containing a precept to the officer to attach it to secure his lien for materials furnished in its construction. The claims of Flint and Hall were for labor done upon the building.

The court held the trustees chargeable to Batchelder and Moore & Sons, in the order of their attachments, for the amount of their respective claims, after deducting the sum of $120, the amount of the receipt to the attaching officer. The court held that Eastman was not entitled to priority by force of any lien upon the buildings, and he excepted. The court reserved the question whether the trustees are chargeable in the actions of Eastman, Flint, and Hall.

*Shirley & Carr*, for Eastman.

*Leach & Stevens*, for Batchelder and Moore & Sons, and for the trustees in the other actions.

*Flanders*, for Flint and Hall.

SMITH, J. Neither of the plaintiffs having given notice in writing to the trustees that he should claim a lien for labor to be performed or materials to be furnished, has acquired any lien on the building. G. L., c. 139, s. 15. The lien of the several plaintiffs on the funds in the hands of the trustees is determined by the priority of their respective attachments.

The value of the lumber receipted for by Clough, and fixed in the receipt to the officer at $120, should be reckoned as paid by the trustees, and be deducted from the amount due to Newman, the lumber having been used in the construction of the house. The contract is treated by all parties as the joint contract of Clough and Young; and that was evidently the understanding of the parties, although, as between Clough and Young, each was to pay one half of the contract price to Newman. They are jointly and severally liable to him. It makes no difference that the receipt was signed by Clough alone. It was a liability incurred for the defendant Newman, against which they are entitled to secure themselves by withholding that amount from the funds in their hands, and which they are equitably entitled to set off against the price to be paid to Newman.

They should also be credited with the sum of $94.51, paid in

settlement of Parker's claim.    Parker had given the statute notice
to Clough, and had acquired a valid lien at least upon Clough's
undivided interest in the building, which had priority over the
claims of Eastman, Flint, and Hall.    Each trustee being liable to
Newman for the whole price of the building, the trustees, and each
of them, were obliged to pay Parker's claim to discharge his lien.
No question is made as to the validity or amount of his claim.

If the sum of $75 was paid to Newman before service of the writs
upon the trustees, it would be a payment to that extent for which
the trustees should be credited.    If paid after service upon the
trustees, and Newman retained the money instead of paying it
over to Parker, the payment cannot avail the trustees as against the
plaintiffs.    But if paid to Parker, whether paid before or after
service on the trustees, the payment having been made to discharge
a lien upon the property which had priority over the plaintiffs'
lien, the trustees are to be credited with the payment.

The trustees claim that Newman has not completed the build-
ing, and therefore is not entitled to receive the full contract price.
This claim is in conflict with the reserved case; but if it were not,
it would be a question to be determined at the trial term.    Whether
Batchelder and Moore & Sons have taken executions against the
trustees for sums larger than they were entitled to (as claimed by
Eastman), is also to be determined at the trial term.

Eastman also raises the question whether, having attached the
building as the property of Newman, he may not hold it as New-
man's to the extent that it was not paid for?    That question can
only be met when the question of ownership is properly before the
court.    It would seem, however, that if the trustees are charged
for the balance due for constructing the building, the question pro-
posed could not arise, the building being fully paid for.

Whether the trustees are chargeable, and if so, for what sum,
will be determined at the trial term upon the principles thus laid
down.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.