### MITCHELL BROTHERS *v.* GREEN & BURNHAM AND INDIAN HEAD NATIONAL BANK, *Trustee.*

In foreign attachment, the trustee, holding the principal defendants' uncollected accounts and books of account by assignment for collection to satisfy their indebtedness to it, is chargeable for the accounts and books, when their indebtedness has been satisfied from another source.

The assignment not being fraudulent, if the trustee, after its indebtedness is satisfied, and after service of process, on the advice of counsel and in good faith relinquishes the account-books to the principal defendants, who, without the knowledge, consent, or expectation of the trustee, conceal and for a long time withhold them from the receiver, and meanwhile collect and appropriate to their own use large sums of money from the accounts contained in the books, the trustee will not be chargeable for the money so collected.

FOREIGN ATTACHMENT of money collected on accounts, and of uncollected accounts and books of account, assigned by the principal defendants to the trustee to satisfy their indebtedness to it.

*E. S. & H. A. Cutter*, for the plaintiffs.

*G. Y. Sawyer, Jr.*, for the defendants.

*G. Y. Sawyer* and *C. R. Morrison*, for the trustee.

ALLEN, J. An order made at the trial term charging the trustee upon its disclosure for money collected upon the book accounts, and for the uncollected accounts and books of account held by assignment, and appointing a receiver, was confirmed by the decision in *Mitchell* v. *Green*, 60 N. H. 582. At a subsequent trial

term, that part of the order charging the trustee with the books and accounts was vacated, and the trustee made further disclosure, from which it appears that before service of the trustee process the principal defendants assigned to the trustee all their accounts and claims, with the right to collect them and apply the proceeds in payment of their indebtedness to the bank. The books of account were never delivered to the trustee, but were left in the hands of the principal defendants' clerk, by an arrangement made at the time between the bank and the principal defendants that the clerk should collect the accounts on the books and deposit the money collected in the bank, to be applied upon the indebtedness. He collected and deposited in the bank in his name, as agent, $458. The trustee's claim against the principal defendants was paid from the proceeds of the sale of their goods upon attachment by the trustee ; and thereupon the trustee's cashier notified the principal defendants that the bank had no further claim upon the accounts. The receiver demanded the books of the cashier, who in good faith immediately applied to the principal defendants for them, but could not obtain them. No list or statement of the accounts due upon the books was ever made or delivered to the trustee, nor did the cashier or other officer of the trustee ever call upon the principal defendant for such statement. There was no intention on the part of the trustee to hinder, delay, or defraud the other creditors of the principal defendants ; and the question presented is, whether upon these facts the trustee is chargeable for the accounts and books of account.

The assignment was a pledge of the accounts to the trustee to secure its claim against the principal defendants, and the trustee was liable to be charged for their value after satisfying the indebtedness for which they were pledged. *Boardman* v. *Cushing*, 12 N. H. 115, 117. It was the goods, chattels, rights, and credits of the defendants in the hands and possession of the trustee for which it was chargeable, and it could not be charged for what it never received possession of, notwithstanding the assignment. *Greenleaf* v. *Perrin*, 8 N. H. 273 ; *Aldrich* v. *Woodcock*, 10 N. H. 99. The assignment being general, and containing no list of persons nor items and amounts of accounts, the books containing the accounts assigned were a necessary part of the assignment. They were not delivered directly to the trustee, but to the defendants' clerk, who was to collect the accounts for the trustee. He was the agent of the trustee for that purpose, in that way, and for that purpose he received the books, and his possession of the books was the possession of the trustee. If it be said that the clerk, in whose possession the books were left, was the clerk and agent of the defendants, and so the books were left in their hands and possession, the fact still remains that they were left according to the arrangement by which the clerk was to collect the accounts for the trustee ; and so far as the accounts and books were concerned, and for the purpose of carrying out the arrangement and applying the pro-

ceeds of the accounts in payment of the defendants' indebtedness to the trustee, they also were agents of the trustee. *Wilson* v. *Sullivan*, 58 N. H. 260. The trustee being a corporation, there could have been no manual delivery of the books to any one except an agent or officer of the corporation. The clerk being the authorized agent of the trustee to collect the accounts, and the books being necessary for that purpose, he was the trustee's proper agent to receive a delivery, and his possession was the possession of the trustee.

The trustee claims that the assignment of the accounts to the trustee was to hold them only until its debts should be paid, and that the books of account themselves were not " goods, chattels, rights, or credits of the principal defendants," in the trustee's hands, within the meaning of those terms, and with which the trustee could be charged. A trustee may be adjudged chargeable for any personal property, subject to mortgage, pledge, or other lien, and for any promissory note or other security for the payment of money, or any chose in action on which an execution cannot be levied, and if chargeable a receiver may be appointed. G. L., c. 249, ss. 27, 28 ; *Fling* v. *Goodall*, 40 N. H. 208. For whatever money the trustee had collected from the accounts assigned, beyond what was necessary for the payment of his debt, the uncollected accounts themselves, and the books containing evidence of the accounts assigned and necessary for their collection, the trustee is chargeable. *Wheeler* v. *Emerson*, 45 N. H. 526. If the books containing evidence of the accounts assigned were not necessarily included in the assignment, they were personal property in possession of the trustee, subject to his lien, and for these he is chargeable as chattels, and they should be delivered to the receiver.

*Trustee charged.*

CLARK, J., did not sit: the others concurred.

Since the foregoing opinion was given, at the June term, 1882, the plaintiffs, at the trial term, have made a motion that the trustee be charged for the value of the uncollected accounts on the defendants' books at the time of the service of the plaintiffs' writ, and upon this motion the following additional facts are found :

When the indebtedness to the trustee had been paid, while the motion to charge the trustee was pending at the trial term, September, 1880, and before any order had been made charging the trustee, in the first instance, and appointing a receiver, one of the defendants called on the trustee for the money collected and deposited there, and for the uncollected accounts and books, and requested that their clerk, who had been collecting the accounts, be directed to give up the books to them. The clerk was referred to the trustee's legal adviser, who, without a knowledge of all the facts or of any purpose of the defendants to secrete the books, sug-

gested that the trustee having been paid had no further claim upon the books, and upon his advice the clerk gave them up to the principal defendants. Immediately after his appointment, the receiver demanded the books, but was unable to obtain them for nearly two years, when they were delivered to him by the defendants. The defendants, on receiving the books, secreted them to prevent their going into the hands of the receiver. While they had them, they collected upon the accounts written in the books $2,683.88, and appropriated the larger part of it to their own use. Neither the trustee nor its counsel had any knowledge that the books were, or were to be, secreted. The trustee was charged $2,683.88, and excepted.

ALLEN, J. When creditors pursue their claims by means of the trustee process, the relations of all the parties are necessarily equitable, and the rights and liabilities of the parties are determined on equitable principles. The trustee has been charged for the books of account, a receiver has been appointed, and by order of the court the books have been delivered to the receiver. For the money collected on the accounts contained in the books and deposited with the trustee after the satisfaction of its own claim, the trustee had already been charged. The delivery of the books to the principal defendants, after service of the plaintiff's writ upon the trustee, was on the advice of counsel, and with no intention of defrauding the plaintiffs or other creditors of the defendants. The concealment of the books by the defendants, and their subsequent collection of accounts and appropriation of the money to their own use, were without the direction, authority, knowledge, or consent of the trustee, which was not chargeable for the amount of the uncollected accounts nor for money never in its possession, and with the collection of which it had nothing to do. If the delivery of the books to the principal defendants afforded them the means of collecting and appropriating the money, it was done in entire good faith, and without consenting to or even anticipating any fraud upon the plaintiffs by the defendants; and the trustee not being chargeable, at the time, for the amount of the uncollected accounts, it would be inequitable to charge it now for money never in its possession, and for the collection of which it has been in no fault. For the $2,683.88 collected by the defendants while the books were withheld from the receiver the trustee cannot be charged.

*Exception sustained.*

STANLEY, J., did not sit: the others concurred.