SOLOMON FRANK & another *vs.* WALTER V. BOBBITT
& another.

M. H. LAUCHEIMER & another *vs.* SAME.

Hampden.    September 22, 1891. — December 14, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Conflict of Laws — Assignment for Benefit of Creditors — Non-resident Debtor — Preferences.*

A voluntary assignment of firm property, made by two partners in another State where they reside and do business, which provides that certain creditors there resident, including the wife of one partner, who lent him the money constituting the firm capital, shall be paid in full before the others are paid anything, if valid by the law of that State, is valid and will be enforced here as against a subsequent attaching creditor of the assignors resident in still another State and not a party to the assignment.

TWO TRUSTEE PROCESSES.    Writs dated November 21, 1889. The cases were submitted to the Superior Court, and, after judgment for certain claimants, to this court, on appeal, on agreed facts, in substance as follows.

The plaintiffs in each case were residents of the State of Maryland, and sought to recover in an action of contract for goods sold in that State to the defendants, and brought their actions in this Commonwealth in order to attach funds of the defendants in the possession of the Springfield Fire and Marine Insurance Company, a corporation organized under the laws of this Commonwealth, and having its usual place of business in Springfield in this State.    The defendants, who were retail merchants doing business and residing at Spring Hope, Nash County, North Carolina, appeared, and judgments were rendered against them for amounts exceeding the sum held by the trustee. The trustee filed answers disclosing funds in its possession to the amount of $900 due the defendants at the time of the service of the plaintiffs' writs upon it, under a policy of insurance, as hereinafter set forth.

One Threewitts and one Johnson, both residents of North Carolina, appeared in each action as claimants of the funds in the

possession of the trustee, under an assignment made to them by the defendants on November 13, 1889. This assignment, which was valid in the State of North Carolina, set forth that " Whereas W. V. Bobbitt, of the firm of Bobbitt and Spivey, is justly indebted to his wife, Mary E. Bobbitt, in the sum of $2,500, evidenced by a bond dated first day of January, 1887, bearing interest at rate of eight per centum from date, which amount was used by the said Bobbitt as capital for the commencement of a general merchandise business by the said W. V. Bobbitt and Joseph J. Spivey, under the firm name of Bobbitt and Spivey, in the town of Spring Hope, Nash County, North Carolina," and whereas that firm was also indebted to certain other residents named of North Carolina, in certain specific sums, and whereas the firm was indebted to various other persons for merchandise, whose names and the amount of whose claims were unknown, therefore the plaintiffs, in consideration of the premises and of the sum of one dollar, had conveyed unto Threewitts and Johnson a certain lot of land in the town of Spring Hope, "and all the stock of goods, wares, and merchandise now in the possession of said Bobbitt and Spivey in the said town of Spring Hope; also certain policies of insurance upon the said stock of goods, wares, and merchandise, viz. Policy No. 221 in the Springfield Fire and Marine Insurance Company of Springfield, Mass. . . . Also all the entire stock of whiskey, brandy, liquors, etc. now owned by the said Bobbitt and Spivey in the town of Spring Hope, aforesaid. Also all the accounts, notes, mortgages, or other choses in action, and all other personal property whatsoever, now owned by the said Bobbitt and Spivey."

The assignment further provided that Threewitts and Johnson should hold the property conveyed to them in trust, and, after allotting to Spivey an exemption of five hundred dollars, should sell the same, and, after payment of their commissions and the expense of executing the trust, pay the debts due to the creditors named in the assignment, including the wife of Bobbitt, "*pro rata*, and in full, if there be a sufficiency," and with the residue, if any, should pay the remaining debts owed by the firm, and hand over the remainder, if any, to the members thereof. At the time the assignment was made, the

personal property therein mentioned and the insurance policy issued by the trustee to the defendants were delivered to the assignees, but prior thereto a portion of the stock of goods covered by the policy had been destroyed by fire, and the loss thereon was adjusted, so far as the trustee is concerned, at $900; but there was other insurance. The plaintiffs denied the validity of said assignment, as against their attachments in this Commonwealth, and claimed to hold said·funds by virtue thereof.

If the claimants were entitled to the funds, judgment was to be entered for them, and the trustee discharged; otherwise, judgment was to be entered for the plaintiffs, and the trustee charged on the answers.

*W. B. Stone*, for the plaintiffs.

*E. H. Lathrop*, for the claimants.

*C. A. Birnie*, for the trustee.

MORTON, J. The assignment was made on November 13, 1889, and, as the agreed facts state, is valid in the State of North Carolina, where it was made and recorded, and where the assignors and assignees live. At the time the assignment was made, the personal property mentioned in it, and the insurance policy under which the amount is due that is the subject of this suit, were delivered to the assignees. The loss had occurred before the delivery of the policy to them. The assignment conveys, among other things, this and other policies, and "also all the accounts, notes, mortgages, or other choses in action, and all other personal property," belonging to the assignors. The plaintiffs live in Maryland, and have not become parties to the assignment. It does not appear that any other creditors have done so. The writ upon which the plaintiffs attached the funds in the hands of the insurance company bears date November 21, 1889, and the attachment was made the day following, and was consequently some days after the assignment had been made. There do not seem to be any Massachusetts creditors, nor any parties resident here, whose interests are affected by the assignment. Therefore, the question that arises is wholly between non-residents living in two different States.

The plaintiffs insist that the assignment should be declared void, on account of the preferences which it creates, and because

it does not appear to have been assented to by any creditors of the assignees, and is without consideration; and they claim the same right to avoid it on these grounds that an attaching creditor who was a citizen of this State would have. It is to be observed that the assignment is a voluntary one, and not a statutory one as in *Paine* v. *Lester,* 44 Conn. 196, a case much relied on by the plaintiffs, but which was disposed of on the ground that a statutory assignment could have no strictly legal effect outside the State where it arose. As sustaining that proposition, see *Blake* v. *Williams,* 6 Pick. 286; *May* v. *Wannemacher,* 111 Mass. 202; *Willitts* v. *Waite,* 25 N. Y. 577, 587, and cases cited; *Kelly* v. *Crapo,* 45 N. Y. 86; *Harrison* v. *Sterry,* 5 Cranch, 289, 298; *Ogden* v. *Saunders,* 12 Wheat. 213; Story, Conflict of Laws, (7th ed.) § 414. It is to be noticed further, that the case does not come within the class of cases in which an assignment open to the objections urged against this can be avoided by all attaching creditors resident here. The attaching creditor in this suit lives in Maryland. It is to be said also, that at common law in this State an assignment for the benefit of creditors which creates preferences is not void for that reason, and that there is no statute here which renders invalid such an assignment when made by parties living in another State and affecting property here. *Train* v. *Kendall,* 137 Mass. 366.

The general rule is, that a personal contract valid by the law of the place where it is made will be regarded as valid elsewhere, and will be enforced in foreign jurisdictions. It is not necessary to inquire whether this rule rests on the comity which prevails between different States and countries, or is a recognition of the general right which every one has to dispose of his property or to contract concerning it as he chooses. Under it, this court has frequently held that a voluntary assignment made by a debtor living in another State for the benefit of his creditors would be regarded as valid here. In *Means* v. *Hapgood,* 19 Pick. 105, it was held that such an assignment made by the debtor, who lived in Maine, operated to transfer a claim which he had against a party living in this State. The only qualification annexed to such assignments has been, that this court would not sustain them if to do so would be prejudicial to the interests of our own citizens or opposed to public policy. *Whip-*

*ple* v. *Thayer*, 16 Pick. 25.    *Daniels* v. *Willard*, 16 Pick. 36. *Burlock* v. *Taylor*, 16 Pick. 335.    *Newman* v. *Bagley*, 16 Pick. 570.    *Means* v. *Hapgood*, 19 Pick. 105.    *Wales* v. *Alden*, 22 Pick. 245.    *Cragin* v. *Lamkin*, 7 Allen, 395.    *May* v. *Wannemacher*, 111 Mass. 202.    *Pierce* v. *O'Brien*, 129 Mass. 314.    *Train* v. *Kendall*, 137 Mass. 366.

Nothing prejudicial to the interests of our own citizens will result from upholding this assignment. And we discover nothing which should lead us to.hold it invalid as between parties living in other States in the fact that the wife of one of the assignors may be entitled to receive under it in North Carolina from the assignees money which she lent to her husband, and which constituted the capital of the firm of which he was a member, and by which the assignment in question was made. See *Milliken* v. *Pratt*, 125 Mass. 374.

As to the claim of the plaintiffs that they should stand as well as if they were citizens of this State, it may be said, in the first place, that the qualification attached to foreign assignments is in favor of our own citizens as such, and in the next place, that the assignment being valid by the law of the place where it was made, and not adverse to the interests of our citizens nor opposed to public policy, no cause appears for pronouncing it invalid.

In regard to the case of *Ward* v. *Morrison*, 25 Vt. 593, it is only necessary to observe that it appeared that the law of Vermont required notice to the debtor of the assignment of a chose in action in order to complete the transfer. It did not appear whether such notice was or was not required by the law of New York, where the assignment was made, and it was accordingly held that it would be assumed that the law of New York was the same as that of Vermont, and the assignment was consequently declared invalid as against a subsequent claimant. It is clear that in this State no such notice is required. *Wakefield* v. *Martin*, 3 Mass. 558.    *Norton* v. *Piscataqua Ins. Co.* 111 Mass. 532, 535.    See also *Murphy* v. *Collins*, 121 Mass. 6.

According to the agreed statement of facts, the entry must be,

*Judgment for claimants, and trustee discharged.*