SEWARD *v.* HARRINGTON *& Tr.*

If at the time of the service of a writ of foreign attachment the principal defendant and the trustee had cross-accounts, the balance being in favor of the trustee, and the accounts were settled by the payment of such balance by the principal defendant to the trustee, the trustee is not rendered chargeable by the fact that the principal defendant intended to pay him the amount of his account, and to collect at a later time his own account against the trustee, and would have done so if the trustee had not suggested the set-off.

FOREIGN ATTACHMENT. Facts found by the court. At the time of the service of the writ upon the trustee Gonyou, the defendant Harrington was in Gonyou's employ, and there was due him $50 for labor, which, according to Gonyou's usual practice, would have been payable three days later. The day of service, Harrington was collecting for Gonyou. The next morning Gonyou told his foreman of the attachment, and directed him to settle with Harrington, saying that he himself did not wish "to know anything about it." Harrington gave the foreman a statement of his collections and expenses, and laid on the top of the safe the money required to balance it. The foreman then informed him of the attachment, and also of the time he had worked since he was last paid. Harrington took $50, his wages for that time, from the money on the safe, saying, "I want this money, and .think I will make sure of it." The foreman replied "All right," added $50 to the expense side of the account, and received from Harrington the balance. Gonyou approved this action when informed of it. The court ordered that the trustee be discharged, and the plaintiff excepted.

*Hiram Blake*, for the plaintiff.

*Don H. Woodward*, for the trustee.

BLODGETT, J. At the time of the service of the plaintiff's process on the trustee, the defendant had in his possession moneys

which he had collected for the trustee to an amount greater than
the latter was owing him for services.   Under these circum-
stances there was nothing in the hands of the trustee upon which
the process could justly operate (*Banfield* v. *Wiggin,* 58 N. H.
155); and in the subsequent transactions between his foreman
and the defendant nothing appears which affects the trustee's
original liability, or gives the plaintiff any legal or equitable
ground of complaint.   As against him, it was the right of the
trustee to set off all his demands against the defendant of which
he could avail himself in any form of action, or by any lawful
mode of adjustment between them (Cush. Trust. Pr., *ss.* 123,
125), and in what he did he in no way exceeded his right.

*Exception overruled.*

SMITH, J., did not sit: the others concurred.