C. W. WITTERS *vs.* GLOBE SAVINGS BANK OF CHICAGO
& trustee.

Suffolk.    January 28, 1898. — June 22, 1898.

Present: FIELD, C. J., ALLEN, LATHROP, & BARKER, JJ.

*Trustee Process — Foreign Plaintiff — Foreign Claimant — Assignment.*

Whatever may be true of the effect of a compulsory assignment, which is valid by the laws of another State where it was made, and which purports to convey to the assignee all the property and effects of a corporation " wheresoever situate," when credits of the assignor are attached in this Commonwealth by inhabitants hereof, there is no good reason why this court should protect, against the rights of the assignee, an attachment made by an inhabitant of still another State after the assignment.

TRUSTEE PROCESS.    The Chicago Title and Trust Company, a corporation organized under the laws of the State of Illinois,

petitioned to be allowed to intervene as a claimant of the funds. The plaintiff was an inhabitant of Vermont.

The case was submitted to the Superior Court, and, after judgment charging the trustee and dismissing the petitioner's claim, to this court, on appeal, upon agreed facts, which appear in the opinion.

*R. B. Kendall*, for the claimant.

*F. H. Williams*, for the plaintiff.

FIELD, C. J.   In this case the plaintiff is not an inhabitant of Massachusetts, but of Vermont.   The Chicago Title and Trust Company claims title to the funds in the hands of the alleged trustee, not only by virtue of the decree of the Circuit Court of Cook County in the State of Illinois, entered on April 5, 1897, appointing it a receiver of the defendant, but by virtue of an assignment under seal to it as such receiver, executed by the defendant on April 6, 1897, in pursuance of the decree.   That assignment purports to convey to the receiver all the property and effects of the defendant " wheresoever situate."   The defendant is a corporation organized under the laws of the State of Illinois, and it is agreed that said Circuit Court " had jurisdiction to appoint said receiver."   The plaintiff's writ was served on the alleged trustee on April 13, 1897.   Such an assignee has a right to intervene in the proceedings and claim the funds.   *Buswell* v. *Order of the Iron Hall*, 161 Mass. 224. *Dennis* v. *Twitchell*, 10 Met. 180.   *Norton* v. *Piscataqua Ins. Co.* 111 Mass. 532.

We think that the assignment must be held valid as against the subsequent attachment by the plaintiff.   *Frank* v. *Bobbitt*, 155 Mass. 112.   *Faulkner* v. *Hyman*, 142 Mass. 53.   It is argued by the counsel for the plaintiff that the assignment shown in this case is not voluntary, and so should not be sustained as against the attachment, and   *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353, is relied on.   The assignment in this case is not a judicial assignment or a statutory assignment, but a compulsory assignment, valid by the laws of Illinois, where it was made. How far such an assignment can be regarded as having the effect of a voluntary assignment, or as having only the effect of a judicial or statutory assignment, has not been decided in this Commonwealth.

As a general rule, assignments and conveyances which defendants in equity are compelled to make are as valid as if voluntarily made. The case sets out no statutes of the State of Illinois, and we cannot take judicial notice of such statutes. We must assume on the papers before us that the receiver was appointed under the general powers of a court of equity, and that the assignment was made by a defendant over which the court had full jurisdiction. See High, Receivers, (3d ed.) § 244; Gluck & Becker, Receivers, (2d ed.) 225 *et seq.* It seems to have been assumed by all parties that the assignment was made for the creditors of the defendant under proceedings for their benefit. Whatever may be true of such an assignment when credits of the assignor are attached here by inhabitants of Massachusetts, we perceive no good reason why we should protect, against the rights of the assignee, an attachment made by an inhabitant of Vermont after the assignment. See *Cunningham* v. *Butler*, 142 Mass. 47, 52; *Cole* v. *Cunningham*, 133 U. S. 107, 128; *May* v. *Wannemacher*, 111 Mass. 202; *Long* v. *Girdwood*, 150 Penn. St. 413; *Burlock* v. *Taylor*, 16 Pick. 335.

> *Judgment of the Superior Court charging the trustee and dismissing the petition of the claimant reversed, and judgment to be entered allowing said petition and discharging the trustee.*