Grafton,
Dec., 1898.

ROBERTS v. NORCROSS & a., & Tr., NEWHALL & a., Claimants.

Where an assignment by an insolvent debtor provides that no creditor shall be deemed a party thereto who fails to assent in writing within a specified time, an oral assent, accompanied by an agreement for a written assent, furnishes a sufficient consideration to make the assignment binding.

A common-law assignment for the benefit of creditors, executed in another state and valid under the law thereof, will pass the title to the debtor's property in this state, as against a subsequent attachment by a dissenting creditor.

FOREIGN ATTACHMENT. Issue between the plaintiff and claimants. Facts found by a referee. May 12, 1897, the defendants, Norcross, Mellen & Co., who are residents of Massachusetts, made an assignment of their property for the benefit of their creditors to the claimants in this suit. The assignment provided that "no creditor shall be deemed a party to this agreement or entitled to the benefits of its provisions who fails to assent in writing . . . within ninety days, . . . but such assent may be expressed either by signing these presents or by signing other writing expressing assent." The assignees took possession of the property the same day, and most of the creditors at once assented to the assignment orally and agreed to assent in writing, but did not do so until after the writ was served upon the trustees. The plaintiff, a resident of Maine, brought this action May 15, 1897, and attached the funds of the defendants in the hands of parties in this state. The assignment was valid under the common law of Massachusetts.

*George F. Morris*, for the plaintiff.

*George H. Bingham*, for the claimants.

PEASLEE, J. "This is an equitable proceeding. In the absence of fraud, a trustee can be charged for only what, at the time of service or afterwards, is equitably due to the defendant." *Carter* v. *Webster*, 65 N. H. 17, 19; *Tucker* v. *Chick*, 67 N. H. 77, 79; *Forist* v. *Bellows*, 59 N. H. 229, 231, 232. "Foreign attachment cannot change the nature of the contract between the trustee and the defendants." *Nat'l Revere Bank* v. *Shoe Fastening Co.*, 67 N. H. 371, 374.

The oral assents, accompanied by agreements to assent in writing, furnished a sufficient consideration to make the trust

agreement binding. *Wheeler* v. *Emerson*, 44 N. H. 182, 187; *Derry Bank* v. *Davis*, 44 N. H. 548, 550; *Harland* v. *Binks*, 15 A. & E. N. S. 713, 718. When the creditors have expressed their assent and their willingness to do whatever is necessary on their part to execute the trust agreement, it becomes irrevocable. They are presumed to have thereafter confided in the assignment and to have relied upon this source of payment; otherwise they would have attempted to secure their demands in some other way. *Ward* v. *Lewis*, 4 Pick. 518, 521, 522.

Here was a *bona fide* transfer for the benefit of creditors. The agreement of the creditors to assent to it gave it a sufficient consideration, and, unless the assignment violates some rule of law, the claimants are entitled to the funds. It was early held in this state that common-law assignments for the benefit of creditors, even with preferences, were valid. *Haven* v. *Richardson*, 5 N. H. 113, 123, *et seq.*; *Leeds* v. *Sayward*, 6 N. H. 83. Shortly after *Leeds* v. *Sayward* was decided, a statute was passed regulating such assignments. Laws 1834, *c.* 161. From this time until 1885 all assignments for the benefit of creditors were regulated by statute. The statute was then changed so that assignments should be made to the judge of probate for the county where the debtor resided. Laws 1885, *c.* 85, *s.* 1. In the revision of 1891, the benefits of the law were expressly limited to inhabitants of or residents in this state. P. S., *c.* 201, *ss.* 6, 42. At the present time there is no statute regulating assignments by foreign debtors. *Schmidt* v. *Ellis*, *ante*, *p.* 98. The intent to do away with common-law assignments, which found expression in the act of 1834 (*Fellows* v. *Greenleaf*, 43 N. H. 421, 426), was abandoned in 1891, if not in 1885, so far as non-resident debtors were concerned. The repeal of the statute revived the common law which was in force before 1834. *State* v. *Rollins*, 8 N. H. 550, 567, 568.

In *Dalton* v. *Currier*, 40 N. H. 237, it is laid down that an assignment which is confessedly made to prevent attachments is void. No reference is made to the early cases upholding common-law assignments, and in the cases cited by the court (*Blodgett* v. *Webster*, 24 N. H. 91; *Seavy* v. *Dearborn*, 19 N. H. 351, 358; *Robinson* v. *Holt*, 39 N. H. 557) there was fraud in fact. *Blodgett* v. *Webster* only decides that if a conveyance is apparently for a valuable consideration, when in fact it is not, creditors who have accepted a compromise upon the representation that the conveyance was what it purported to be may avoid the compromise. In *Robinson* v. *Holt*, a mortgage was made for the express purpose of delaying creditors, which purpose was known to the mortgagee. It was held that the mortgage was void under the statute of Elizabeth. *Seavy* v. *Dearborn* is to the same effect. Citing these cases as its authority, the court held in *Dalton* v.

*Currier* that a conveyance made for the purpose of defeating attachments and without consideration is void as to creditors. This falls far short of holding that an assignment for the benefit of creditors which does not appear to be made for such purpose, and which is supported by a valuable consideration, is void.

Apart from statute, a common-law assignment for the benefit of creditors, made in good faith and supported by a sufficient consideration, cannot be avoided by dissenting creditors. *Fellows* v. *Greenleaf*, 43 N. H. 421, 426, 427.

As the assignment under consideration would be enforced if it had been made here, the question arises as to its effect when made in another state. An assignment under the insolvency laws of another state will not pass the title to the debtor's property in this state as against a subsequent attachment thereof by a citizen of this state. *Carbee* v. *Mason*, 64 N. H. 10. And the same rule applies if the attachment is made by a citizen of another state. *Sturtevant* v. *Armsby Co.*, 66 N. H. 557. This is because such assignments depend upon the statutes of other states for their legal force. But the assignment in this case depends upon the common law for its validity and effect, and comes within the rule that a transfer of personal property, which is valid by the law of the owner's domicile, will operate to convey the debtor's property wherever found. *Sanderson* v. *Bradford*, 10 N. H. 260, 263, 264. The reason for the distinction between voluntary and involuntary transfers "is that a voluntary transfer, if valid where made, ought generally to be valid everywhere, being the exercise of the personal right of the owner to dispose of his own, while an assignment by operation of law has no legal operation out of the state in which the law was passed." *Cole* v. *Cunningham*, 133 U. S. 107, 129; *Barnett* v. *Kinney*, 147 U. S. 476, 481; *Frank* v. *Bobbitt*, 155 Mass. 112; *Sawyer* v. *Levy*, 162 Mass. 190.

The assignment was so far an exercise of the personal rights of the debtors that its operation is not limited by the boundaries of the state in which it was made, but its effect upon property is to be determined by the *lex rei sitæ*. The agreement was made with reference to and must be governed by such law. *Clark* v. *Tarbell*, 58 N. H. 88; *Hallgarten* v. *Oldham*, 135 Mass. 1.

The assignment was a bar to the right of the principal defendants to recover these funds, and, no fraud being shown, it is equally a bar to the plaintiff's recovery of the same.

Notice of the assignment to the trustees was not necessary. *Pollard* v. *Pollard*, 68 N. H. 356.

*Trustees discharged.*

All concurred.