Hillsborough, }
  June, 1899. }

### Bixby *v.* Whitcomb *& a., & Babcock, Tr.*

One performing labor or furnishing materials, by virtue of a contract with an agent, contractor, or sub-contractor, acquires no lien under P. S., c. 141, s. 13, prior to giving notice to the owner of an intention to claim such lien.

Foreign Attachment. Issue between the plaintiff and trustee. Trial by the court. The defendants built a house for the trustee under contract. After the writ was served upon her, and before the taking of her disclosure, she paid from funds belonging to them, upon orders given by the workmen, more than the amount for which the plaintiff claims to hold her as trustee. The writ was served upon her January 15, notice of the claims of the workmen was served on or after February 28, and the payments made were for labor performed in January and February. The trustee claims that these payments were upon liens superior to the plaintiff's attachment. The court found the trustee chargeable, and she excepted.

*William J. McKay* and *George B. French*, for the plaintiff.

*Bertis A. Pease*, for the trustee.

Parsons, J. The defendants' workmen, performing labor upon the trustee's house for the contractor, acquired no lien thereon for services performed prior to notice to her of an intention to claim such lien. P. S., c. 141, s. 13; *Eastman* v. *Newman*, 59 N. H. 581. As the payments on their orders were made from funds belonging to the defendants, this would authorize a finding that the trustee had in her hands money due the defendants upon which the workmen to whom it was paid had no legal claim, and therefore the trustee was properly charged.

*Exception overruled.*

Peaslee, J., did not sit: the others concurred.