Grafton, }
March 2, 1909. }

### MUSGROVE v. GOSS & *Tr.*, WATSON, *Claimant.*

One who has in his possession a bank check payable to the order of himself and another is chargeable as the trustee of the other payee, to the amount of the latter's interest in the fund.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimant. Transferred from the October term, 1908, of the superior court by *Wallace*, C. J.

At the date of service, Edson, the trustee, had in his possession a check drawn by the Hartford Life Insurance Company of Hartford, Connecticut, upon the First National Bank of that city, payable to the order of himself and Goss, the principal defendant. The check was sent to Edson in payment of individual claims of both payees against the insurance company, and was drawn for the amount of both claims. Subsequently to the service of the writ, Edson informed Goss of the fact, and the latter assigned his interest in the check to the claimant, who accepted the same with knowledge of the attachment. The trustee was held chargeable for the interest of the principal defendant in the check, and a receiver was appointed, who collected the funds and was ordered to pay to the trustee the amount of his claim, to the plaintiff the amount of his judgment, and to the claimant the balance of the funds, less the costs and expenses of the receivership. To these rulings and orders the claimant excepted.

*James G. Harvey* (of Vermont) and *Scott Sloane*, for the plaintiff.

*Raymond Trainor* (of Vermont) and *Charles A. Dole,* for the claimant.

BINGHAM, J.   Prior to 1841, negotiable notes and other choses in action in the possession of a trustee and belonging to the principal defendant could not be held upon trustee process.   *Stone* v. *Dean,* 5 N. H. 502.   At that time no means were provided for enforcing payment of such securities.   But in 1841 this deficiency was supplied by the enactment of a law which provided that in such case " the court   .   .   .   may appoint a receiver, whose duty it shall be, under the direction of the court, to collect and apply the proceeds to the payment of the debt and costs recovered by the plaintiff against the principal debtor, and to pay over the surplus, if any, to such debtor."   Laws 1841, *c.* 601, *s.* 1; R. S., *c.* 208, *s.* 15.   In 1867, the phraseology of the statute was somewhat changed (G. S., *c.* 230, *s.* 34), but its meaning was not altered.   Comm'rs' Rep. G. S., *c.* 231, *s.* 32.   It is now found in section 29, chapter 245, Public Statutes.

Prior to 1832, " the pledgee of goods could not be holden as trustee of the pledgor," for the reason that property so held was not subject to attachment by trustee process or otherwise.   *Briggs* v. *Walker,* 21 N. H. 72, 77; *Hudson* v. *Hunt,* 5 N. H. 538.   By chapter 91, Laws 1832, personal property subject to mortgage, pledge, or other lien was made subject to attachment by the trustee process, in the hands of the mortgagee, pledgee, or lien-holder; and by section 2, chapter 601, Laws 1841 (R. S., *c.* 208, *s.* 16), further provision was made for the appointment of a receiver, who might be authorized to dispose of the property if a greater sum could be realized than the amount of the mortgage, pledge, or lien upon it.   *Briggs* v. *Walker, supra,* 79; *Bullock* v. *Foster,* 44 N. H. 38.   This provision of the statute is now found in section 28, chapter 245, Public Statutes.   The term " personal property," as there employed, has been held to include notes and other choses in action, in the hands of a trustee and subject to lien or pledge.   *Fling* v. *Goodall,* 40 N. H. 208.

Sections 28 and 29, chapter 245, Public Statutes, and the provisions of which they are a reënactment, have been frequently passed upon by the courts.   In *Fling* v. *Goodall, supra,* 218, in speaking of the act of 1841, the court said that it made " provision for holding persons as trustees, on account of negotiable notes and other choses in action, either lodged or pledged, in their hands," citing sections 18 to 21, chapter 208, Revised Statutes. In *Wheeler* v. *Emerson,* 45 N. H. 526, the trustee was held chargeable, not only for notes in his possession signed by other persons and payable to the principal defendant, but also for mortgages in

his possession made to secure the notes. In, *Mitchell* v. *Green*, 62 N. H. 588, 590, a trustee to whom certain accounts had been assigned, and who was given possession of the books containing them, was held chargeable for whatever money he had collected upon " the accounts . . . beyond what was necessary for the payment of his debt, the uncollected accounts themselves, and the books containing evidence of the accounts assigned and necessary for their collection"; and it was also held that " if the books containing evidence of the accounts assigned were not necessarily included in the assignment, they were personal property in the possession of the trustee, subject to his lien, and for these he is chargeable as chattels."

These decisions clearly demonstrate that under our statutes a trustee having in his possession any note, chose in action, or other personal property belonging to the principal defendant may be adjudged chargeable therefor, whether the same is or is not held subject to mortgage, pledge, or other lien; and if chargeable, that a receiver may be appointed. P. S., c. 245, ss. 28–32.

The possible inability of a receiver appointed in this state to collect notes or other· choses in action from parties residing in another jurisdiction furnishes no stronger ground for the refusal to attempt the collection than the like possibility of failure because of the insolvency of a maker residing here. The effect of a refusal by a non-resident to make payment, and by the courts of his state to permit a receiver appointed here to prosecute a suit for the collection of such securities, is not in question. The receiver in this case has collected the check, and the proceeds are under the control of the court. The check was a chose· in action, a part of which was the property of the defendant and a part that of the trustee. While the trustee did not hold the check upon mortgage or pledge from the defendant, his right to the possession of it is aptly described by the term " other liens," used in the statute. *Mitchell* v. *Green*, *supra*.

The process followed of appointing a receiver, the collection of the check, and the distribution of the proceeds by payment to the trustee of his interest in the check, to the plaintiff the amount of his judgment, and the balance less the costs of the receivership to the defendants' assignee, was strictly in accordance with the provisions of the statute. It is of no moment whether the principal defendant did or did not indorse the check with intent that the trustee should collect it.

*Exception overruled.*

All concurred.