Coös,
March 7, 1911.

### WHITE   *v.*   FERNALD-WOODWARD CO.   &   *Trs.*

### DECKER   *v.*   WOODWARD   &   *Trs.*

Where the maker of a note delivers to the payee an irrevocable assignment of a specified sum to be applied on the obligation, the subsequent service of trustee process on the maker by the payee's creditor does not give the latter a lien upon the funds in the hands of the drawee who has accepted the order.

FOREIGN ATTACHMENT.   Facts found, and case transferred without ruling from the April term, 1910, of the superior court, by *Chamberlin,* J.

White's claim against the Fernald-Woodward Company is based on a partnership debt, and an attachment has been made of the individual funds of Woodward, a member of the partnership, in the hands of the Orient Insurance Company.   The claim of Decker against Woodward is for his individual debt.   May 23, 1907, the Burbank Company borrowed $6,000 of Woodward, giving its note therefor.   February 7, 1908, the Burbank Company gave Woodward an order on the Orient Insurance Company for $3,060.84, which the latter company accepted February 13, 1908.   This sum, when paid, was to be applied on the $6,000 note.   In White's suit service was had upon the trustee August 6, 1908.   In the Decker suit service was had upon the trustee August 3, 1908.

At the time of the service of process upon the trustees in these.

actions, the note for $6,000, which the order for $3,060.84 was given to secure, was in the hands of Charles R. Bartlett as collateral security for an indebtedness of Woodward to Bartlett of $1,948.76. At the September term, 1909, of the superior court, a receiver was appointed to collect the order for $3,060.84 from the Orient Insurance Company and hold the proceeds subject to the rights of Woodward's creditors. The money has been collected and the receiver has paid $1,948.76 to Bartlett under the direction of the court (75 N. H. 584); and in this proceeding it is sought to have determined what disposition shall be made of the balance amounting to $1,112.08. Both plaintiffs claim to have secured a valid attachment of the fund. There is due Decker more than .$1,112.08. The amount due White is $4,005.64.

*Libby & Coulombe* (*Mr. Coulombe* orally), for White.

*Rich & Marble*, for Woodward and the Fernald-Woodward Co.

*Johnson & Ryan* and *Drew, Shurtleff & Morris* (*Messrs. Ryan and Morris* orally), for Decker.

BINGHAM, J. In *White* v. *Fernald-Woodward Co. and Orient Insurance Co., Tr., Bartlett, Claimant,* 75 N. H. 504, it was held that the trustee should be discharged as to $1,948.76 of the $3,060.84 in its hands at the time of the service of the writ, as that sum belonged to the claimant. The question now before the court is whether the Orient Insurance Company (the trustee in the White suit) or the Burbank Company (the trustee in the Decker suit) shall be charged for the balance of the fund, amounting to $1,112.08, or both being discharged, whether that sum shall be paid to Decker as claimant. The Insurance Company was not named as trustee in the Decker suit, and the sum due from it to Woodward upon the order drawn by the Burbank Company in favor of Woodward was not attached or held in that suit, unless it was by the service of the trustee process upon the Burbank Company.

The contention of counsel for Decker is, that by the service of the trustee process in that suit a lien was obtained upon the note for $6,000 which the Burbank Company owed Woodward and upon the order on the Insurance Company given by the Burbank Company to Woodward as security for the note; and as service of process in that action was made three days earlier than it was

in the suit brought by White, that Decker has the prior claim to the fund. The answer to this contention is not difficult. The Burbank Company did not have possession or control of the order belonging to Woodward at the time the process was served upon it. If Woodward had deposited the order with the Burbank Company for his benefit and it was so held at the date of the service, it would have been subject to the process, and the court could have appointed a receiver to take charge of it and collect the proceeds for Decker. · P. S., c. 245, s. 29. That is exactly what was done in *Musgrove* v. *Goss*, 75 N. H. 208. The trustee would be chargeable because, in the language of the statute, it "had in [its] possession at the time of the service of the writ upon [it], . . . money, goods, chattels, rights, or credits of the defendant." P. S., c. 245, s. 19. The plaintiff, however, even in such case would not acquire by the service of the process a lien upon the specific order, but only the right to hold the trustee personally responsible for the amount of it in case he misappropriated, or failed to produce or account for it in accordance with the provisions of the statute. *Walcott* v. *Keith*, 22 N. H. 196; *Bufford* v. *Sides*, 42 N. H. 495, 504, 505, 506; *Corning* v. *Records*, 69 N. H . 390, 398; 20 Cyc. 1059.

But in this case the trustee did not have possession of the order when the process was served. Prior to that time it had been delivered to the principal defendant, to be held as security for the note for $6,000, with power to collect the same and apply the proceeds upon the note, and the assignment was irrevocable. *Hilliard* v. *Beattie*, 67 N. H. 571; *Roberts* v. *Norcross*, 69 N. H. 533, 534. Under such circumstances the only course open to Decker, to avail himself of the money due on the order, was to have trusteed the Insurance Company. It follows, therefore, that the Burbamk Company cannot be charged as trustee upon the order and held for the balance in the hands of the receiver.

Counsel also contend that inasmuch as Decker is an individual creditor of Woodward, while White is a creditor of the firm of which Woodward is a member, and as the fund collected by the receiver from the Insurance Company belongs to Woodward in his individual capacity, it should be paid to Decker rather than to White, on the theory that individual creditors should be preferred over partnership creditors in the distribution of such a fund. But the difficulty with this contention is that facts essential to the application of the principle are wanting. It does not appear that Woodward is insolvent; and if that fact could be inferred from facts found, there

would still be wanting the further fact of an attachment of the
fund by Decker. *Bowker* v. *Smith,* 48 N. H. 111, 116, 117, 119;
*Benson* v. *Ela,* 35 N. H. 402, 411, 414, 415. As Decker cannot
hold the $1,112.08 under the process served upon the Burbank
Company and is not entitled to have it paid to him as claimant, the
Insurance Company should be charged therefor in the suit of
*White* v. *Fernald-Woodward Co.*

It may not be necessary to suggest that, as the assignment of the
funds in the hands of the Insurance Company was made on the
understanding that the order should be held as security for the note
for $6,000, and the proceeds applied in reduction thereof, and as
this agreement was made prior to the service of the trustee process
in the suit of *Decker* v. *Woodward,* the trustee (the Burbank
Company) is equitably entitled to have the sum of $3,060.84, that
was paid to the receiver upon the order, applied in reduction of the
note as of the dates of payment, before judgment is rendered against
it. "In the absence of fraud, a trustee can be charged for only what,
at the time of service or afterward, is equitably due to the defend-
ant." *Roberts* v. *Norcross,* 69 N. H. 533; *Seward* v. *Harrington,* 67
N. H. 264; *Eastman* v. *Newman,* 59 N. H. 581; *Wheeler* v. *Emerson,*
45 N. H. 526; *Boston & Maine R. R.* v. *Oliver,* 32 N. H. 172.

*Case discharged.*

All concurred.