AUSTIN SUMNER & *al. versus* JAMES R. BACHELDER.

A mortgage of personal property, given to sureties to protect them against their suretyship, is not in force after the creditor has discharged the sureties.

Where a debtor gave to his sureties such a mortgage to secure them against their suretyship upon a note, and they assigned the mortgage to the creditor for his security, taking from him a discharge, under seal, of *their* liability on the note ; the mortgage is no longer in force.

The design of such a mortgage being merely to protect the sureties against the note, and that protection having been given by the creditor's discharge, the condition of the mortgage is fulfilled.

TROVER against the sheriff, for selling by his deputy, goods claimed by the plaintiffs.

The goods formerly belonged to William G. Hall, and he mortgaged them to Hall & Turner. The deputy seized and sold the goods, as the property of William G. Hall. The question relates to the title derived by the mortgage. The mortgage was conditioned for the payment of two notes, given to Hall & Turner, of amounts similar to those for which the plaintiffs hold the notes of said W. G. Hall, signed also by Hall & Turner, and which are the notes now in suit. This mortgage they had assigned to the plaintiffs. No notes given to Hall & Turner were produced. Charles O. Turner, of the firm of Hall & Turner, was called by the plaintiffs. He testified on cross-examination, that Hall & Turner had paid nothing on the said notes, given to the plaintiffs ; that the mortgage was given for their security against their suretyship on the notes ; that they had no other security ; that they had failed and become insolvent, before assigning the mortgage to the plaintiffs. This witness, before testifying in chief, was examined on the *voir dire,* and produced two releases under

the hands and seals of the plaintiffs to himself and his partner Hall, against " any and all liabilities, they or either of them are or may be under, to" [the plaintiffs] " by reason of their having assumed as surety or otherwise, any responsibility for or on account of William G. Hall, also on account of their having conveyed to us a certain quantity of goods, which were in said William G. Hall's store, being the same that were mortgagedby said William G. Hall to said Hall, & Turner."

Joseph Baker, Esq. testified for plaintiffs, that acting as attorney for them, he notified the deputy of the assignment of the mortgage, and demanded the goods before the sale.

Plaintiffs offered parol testimony to show that the notes produced were the notes, intended to be secured by the mortgage; but it was excluded.

A nonsuit was ordered by SHEPLEY, C. J. If the plaintiffs upon the evidence can maintain the suit, the nonsuit is to be taken off.

*Lancaster*, for plaintiffs.

1. The mortgage having been executed and delivered, together with the goods specified in the mortgage, and the grant therein being complete and sufficient to convey the goods, and the consideration being a valuable one; if the condition of the grant was imperfect or incomplete by reason of any misdescription of the notes secured by the mortgage, then the deed would stand as a deed without conditions, and the conveyance would be good. *Bank* v. *Vose*, 23 Maine, 98; *Davis* v. *Mills*, 18 Pick. 394.

2. Parol evidence is admissible to show what notes were given at the same time the mortgage was, and were intended to be secured by it. *Johns* v. *Chandler*, 12 Pick. 557; *Johnson* v. *Bourne*, 7 Cowen, 13; *Hall* v. *Tufts*, 18 Pick. 455; *Jackson* v. *Stanley*, 10 Johns. 139; *Davis* v. *Mills*, 18 Pick. 394.

3. A deed, if legally possible, is to be so construed as to give effect to the intentions of the parties. 1 N. H. 64; 10 Mass. 183; 7 Verm. 100; 15 Pick. 23.

4. Exceptions in a deed are always to be construed most favorably for the grantee. 3 Johns. 375 ; 8 Johns. 394. And so with conditions, as plaintiffs contend.

*H. W. Paine*, for defendant.

The defendant contends that the nonsuit should stand, because —

1st. As the notes offered by plaintiffs are not the notes described in the mortgage, they are not to be permitted to show that these were the notes intended to be secured. R. S. chap. 125, sec. 32.

2d. The releases of Hall & Turner, executed by the plaintiffs, are a discharge of the mortgage. *Parks* v. *Hall,* 2 Pick. 206, 211.

SHEPLEY, C. J. — The plaintiffs are creditors - of Hall & Turner. The defendant is the sheriff of this county. The action is trover brought to recover the value of certain goods attached and sold by a deputy of the defendant as the property of William G. Hall. It is admitted that he was formerly the owner of the goods. The plaintiffs claim to have derived their title to them from him. It was stated in argument, that the defendant had exhibited no title. It was not necessary that he should make an exhibit of the writs, upon which the attachment had been made, until the plaintiffs had established their title. "It was admitted, that the defendant was sheriff of this county, and that Norris, who attached the goods, was his deputy." The plaintiffs had also introduced a witness, who testified, that on February 12, 1848, he notified Norris, the deputy sheriff, who attached the goods, of the assignment of the mortgage and demanded the goods, and that Norris declined to deliver them, because he held them on the attachments. The defendant will be entitled to hold them, unless the plaintiffs can show a superior title.

They exhibit a conveyance of the goods in mortgage made on December 29, 1847, and recorded in the town records on the following day, by William G. Hall to Hall & Turner, upon condition to be void upon payment by William G. Hall of

the sum of $1343,00, being the amount of two notes describ-
ed, given by William G. Hall to Hall & Turner ; and an
assignment of that mortgage to themselves, made on February
7, 1848, and recorded in the town records the same day.
The notes described in the condition were not produced.   To
prove, that the mortgage was made for a valuable consider-
ation, the plaintiffs introduced Charles O. Turner, of the
firm of Turner & Hall, who testified in substance, that the
mortgage was made to secure Hall & Turner for signing two
promissory notes produced, as sureties for William G. Hall;
that Hall & Turner had no other notes against William G.
Hall, that he recollected ; that the schedule annexed to the
mortgage was made the day before the goods were attached ;
that Hall & Turner had no other security than the mortgage
for signing those two notes for William G. Hall.

The notes produced were signed by William G. Hall and by
Hall & Turner.   One of them bearing date on November 12,
1847, was made payable to Sumner, Brewer & Co., in four
months, with interest after, for the sum of $916,41.   The
other, bearing date on December 28, 1847, was made payable
to Little, Spear & Co. in two months from date, for $426,11.

The report states, that parol testimony was offered and
excluded, to prove " that the notes produced were intended to
be secured by the mortgage."

On a motion for a new trial, a note is now produced as
newly discovered evidence, bearing date on December 28,
1847, for the sum of $1343, made by William G. Hall and
payable to Hall & Turner on demand.   It is not however
contended, that there was any other consideration for this note
than their liability as sureties on the other two notes before
named.

Admitting that the parol testimony excluded should have
been received, the whole proof as now presented under the
motion shows, that the mortgage was made, or that it was
intended to have been made, to indemnify Hall & Turner for
becoming sureties for William G. Hall on the two notes first
named.   The quesion is therefore still presented, whether at

the time of the trial, the plaintiffs had such a title to the goods, that they could maintain their action.

They had before that time, on October 7, 1848, by an instrument under their hands and seals, released Hall & Turner "from any and all liability," "by reason of their having assumed as surety or otherwise, any responsibility to our said firm for or on account of William G. Hall."

It is therefore obvious, that they could maintain no action against Hall & Turner founded upon those two notes. The liability of Hall & Turner to pay those notes had been by their release extinguished. Nothing had been paid upon them. Hall & Turner acquired by the mortgage from William G. Hall a conditional title to the goods, liable to be defeated by the termination or extinguishment of their liability to pay those notes. That title and no other could they convey to the plaintiffs. They did not attempt to convey any other. They only assigned the mortgage and the title to the goods, which they had acquired by it.

No absolute title to the goods was at any time conveyed or attempted to be conveyed by William G. Hall to Hall & Turner ; or by them to the plaintiffs.

There may be a difference of opinion, whether the title to real estate conveyed in mortgage, upon payment or discharge of the debt or liability secured by the mortgage after condition broken, would revest in the mortgager without a reconveyance or release or cancelation of the mortgage. But although the title to personal property conveyed in mortgage, becomes absolute in the mortgagee upon failure to perform the condition within the time limited and extended, by the statute of this State, c. 125, § 30 ; yet if the mortgagee or his assignee, afterward accept payment of the debt, or discharge the liability secured by the mortgage, the title revests in the mortgager, without a redelivery or resale and without a cancelation of the mortgage. *Butler* v. *Tufts,* 13 Maine, 302; *Flanders* v. *Barstow,* 18 Maine, 357 ; *Paul* v. *Hayford,* 22 Maine, 234; *Greene* v. *Dingley,* 24 Maine, 131 ; *Leighton* v. *Shapley,* 8 New Hampshire, 359; *Parks* v. *Hall,* 2 Pick.

206; *Barry* v. *Bennett*, 7 Metc. 354; *Patchin* v. *Pierce*, 12 Wend.,61 ; *Harrison* v. *Hicks*, 1 Port. 423.

It is true, that the introduction of a mortgage made to indemnify a surety, after proof of its execution, has been held to be *prima facie* evidence of title. The same case also decides, that such title will be avoided by proof introduced in defence, that the debt has been paid, or the liability of the surety discharged. *Davis* v. *Mills*, 18 Pick. 394.

In this case, the proof, that the sureties had been discharged from their liability, was introduced by the plaintiffs, and their title to the goods was thereby avoided. A new trial could not avail them. *Nonsuit confirmed.*