HOLT v. PENACOOK SAVINGS BANK.

The payee of a promissory note is entitled, by equitable assignment, to the benefit of a mortgage given by the maker, who is insolvent, to his surety, although the mortgage is given for mere indemnity, and not that the principal shall pay the note.

| | |
|---|---|
| 62 | 551 |
| d68 | 308 |
| 62 | 551 |
| 70 | 227 |
| 62 | 551 |
| 72 | 494 |
| 672 | 501 |

It is no defence to the equitable claim of the creditor that his personal remedy by an action on the note against the surety is barred by the statute of limitations; nor that the mortgage has been foreclosed against the mortgagor by an assignee of the mortgage.

When the notes upon which the mortgagee is surety are held by different persons, he holds the mortgaged premises in trust for the benefit of all holders, and cannot by assigning the mortgage to one of the creditors terminate the trust as to the others.

Bill in Equity, to charge the defendants with the payment of a promissory note, on which a surety had received a mortgage of indemnity, now held and foreclosed by the defendants. Facts found by the court. April 11, 1873, the firm of C. & J. C. Gage gave the plaintiff their promissory note, payable to him or order, and signed by Isaac K. Gage as surety. May 19, 1877, John C. Gage, one of the firm, gave to Isaac K. a mortgage of several tracts of land, recorded May 22, 1877, to indemnify and save him harmless from loss by reason of his having become surety or indorser upon the notes mentioned in a schedule annexed to the mortgage. In the schedule were enumerated certain notes held by the defendants, and the note of the plaintiff. June 25, 1877, Isaac K. assigned the mortgage to the defendants " to be held by said bank for the same purposes, and to secure the same debts and liabilities for which the same was made, and for which I have hitherto held the same." The assignment was recorded March 9, 1880. Later the defendants foreclosed their mortgage by a suit, sold a portion of the mortgaged premises, and propose to sell the remainder as soon as a satisfactory price can be obtained. The amount for which conditional judgment was taken did not include any part of the sum due on the plaintiff's note. In 1880 the plaintiff brought a suit upon his note. Isaac K. pleaded the statute of limitations, and the plaintiff was nonsuited. 60 N. H. 536. He recovered judgment against the principals, but has not collected the judgment.

The plaintiff knew of the assignment before his right of action against Isaac K. was barred. The principals have been insolvent since the mortgage was given. There has been no fraud or concealment on the part of the defendants.

The plaintiff claims that the defendants are trustees of the land included in the mortgage for the benefit of all whose notes are mentioned in it, and prays for an accounting, and that he be paid his proportionate share of the land sold and to be sold.

*Pike & Parsons* and *S. C. Eastman* for the plaintiff.

*N. Butler*, for the defendants.

Smith, J.　A mortgage taken by a surety from the principal for the security of the debt creates a trust and equitable lien for the

creditor; and chancery will compel the execution of the trust for the benefit of the creditor. *Savings Bank* v. *Herrick*, 62 N. H. 174, and authorities cited. It is no defence to the equitable claim of the creditor that his personal remedy by an action at law against the surety is barred by the statute of limitations; the debt remains in force, and the lien is not discharged until the debt is paid. The creditor has a double remedy, one upon the mortgage to recover the land, and the other upon the note against the principal or surety to recover the debt. *Eastman* v. *Foster*, 8 Met. 19; *Crosby* v. *Crafts*, 5 Hun 327; *Thayer* v. *Mann*, 19 Pick 535. In *Spears* v. *Hartly*, 3 Esp. 81, where the defendant claimed a lien on goods for a general balance due on account, although the statute of limitations had run against the debt, Lord *Eldon* said the debt was not discharged, but the remedy only; and that, notwithstanding the statute had run against the demand, the creditor, having possession of the goods on which he had a lien, might hold them for the demand by virtue of the lien. See, also, 3 Par. Cont. 99, and cases cited, and *Clark* v. *Ely*, 2 Sand. Ch. 166.

The creditor has an equitable claim to the security as well when the mortgage is given for mere indemnity as when the condition is added that the principal shall pay the debt. *New Bedford Inst. for Sav.* v. *Fairhaven Bank*, 9 Allen 175; Sheld. Sub., ss. 162, 163, and authorities cited. In *Sumner* v. *Bachelder*, 30 Me. 35, it was held that a mortgage of personal property given to sureties to protect them against their suretyship is not in force after the creditor has discharged the sureties; and that when the sureties assigned the mortgage to the creditor for his security, taking from him a discharge under seal of their liability on the notes, the mortgage was no longer in force. The decision was put upon the ground that the design of the mortgage being merely to protect the sureties against the note, and protection having been given by the creditor's discharge, the condition of the mortgage was fulfilled. In the later case of *In re Fickett*, 72 Me. 266, security was given by the principal on a note to the indorser or surety to indemnify him; and it was held that the security inured to the benefit of the creditor. And where property mortgaged to an indorser as security is sold by the assignee of the insolvent principal, the proceeds will be applied in payment of the debts for which the security was given. *Aldrich* v. *Martin*, 4 R. 1. 520. In *Hayden* v. *Smith*, 12 Met. 511, the surety took a mortgage from the principal to indemnify him against the debt, and afterwards assigned the mortgage to the creditor in consideration that he would release him from all liability on the debt other than the use of his name in the collection of the same. It was held that the land was not discharged from the incumbrance of the mortgage, and that the creditor was entitled to hold the land as against a subsequent purchaser of the equity of redemption, until the latter should pay the amount of the creditor's claim.

In this case the controversy is between two creditors,—holders of the notes for which the surety obtained security. He has not released the security, nor attempted to defeat the rights of creditors. The assignment to the defendants declares that the mortgage shall be held by them "for the same purposes and to secure the same debts and liabilities for which the same was made," and for which it had been held by the mortgagee. The defendants had actual notice from the mortgage that the claim of the plaintiff was secured by it. Their acceptance of the assignment was an agreement upon their part to hold the mortgage for the joint benefit of themselves and the plaintiff. The right of a creditor to such security rests upon equitable grounds, and not upon contract. The principal debtors having become insolvent, it would seem that even under the authority of the Connecticut cases (which modify somewhat the rule followed in other jurisdictions), the plaintiff can stand as well in regard to this security as the defendants. *Jones* v. *Bank*, 29 Conn. 25; *Thrall* v. *Spencer*, 16 Conn. 139; *Homer* v. *Sav. Bank*, 7 Conn. 478. The conclusion is, that upon the execution of this mortgage, the principal debtors being insolvent, the equitable lien, which attached to the property in the hands of the mortgagee in the nature of a trust for the security and payment of the notes, has remained so attached in the hands of the defendants as assignees of the mortgage.

The fact that the defendants have foreclosed the mortgage against the mortgagors cannot affect the right of the plaintiff to have the property applied in payment of the debts secured by it. The defendants, as between themselves and other creditors secured by the mortgage, still hold the property, or its proceeds, in trust for the purposes for which the mortgage was given. The record of the mortgage is constructive notice of the trust, and creditors of the mortgagors, and subsequent purchasers from them, or from the defendants as assignees of the mortgagee, even after foreclosure, cannot, by means of an attachment or conveyance of the property, take it discharged of the trust. *Eastman* v. *Foster*, 8 Met. 19.

The plaintiff is entitled to a decree for such proportionate share in the mortgaged premises as his debt bears to the whole amount of the unpaid debts secured by the mortgage, or to such proportion of the proceeds of the same as his debt bears to the whole amount of the unpaid debts. If an accounting is necessary, the facts will be found at the trial term, where an equitable decree will be made.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.