SULLIVAN.

---

## BARTON *v.* CROYDON.

The payee of a note is entitled in equity to the securities held by a surety on the note.

BILL IN EQUITY, for an injunction to restrain the defendants from proceeding at law in the collection of a note given by the

28*

plaintiff upon the purchase of a farm, which was mortgaged to the defendants to secure the same. The cause was heard on a demurrer to the bill

*Ira Colby, H. P. Rolfe,* and *S. L. Bowers,* for the plaintiff.

*A. S. Wait,* for the defendants.

CARPENTER, J. Including the note and mortgage to the defendants, the plaintiff paid the stipulated price for the farm. He was not injured by his mistaken supposition, however caused, that the farm was mortgaged directly to the defendants. It was immaterial to him by what means, whether by fraud or otherwise, his vendor was induced to require, or to consent, that a part of the purchase-money should be paid to the defendants. Upon the allegations of the bill as it stands, the plaintiff, however it might be with his vendor, who is not a party, and makes no complaint, has received no injury, and is entitled to no relief.

To save delay and needless expense to the parties, the case has been considered as if the amendment to the bill making George Barton a plaintiff, and all other amendments proposed by the plaintiff in his brief, were already allowed. Thus amended, the material allegations of the bill are as follows: September 18, 1846, Peter Barton gave to Martin A. Barton a mortgage of his farm, conditioned to save him harmless for signing as surety Peter's note to the defendants, and in 1862 died insolvent, leaving substantially no estate. Prior to 1862 Martin A. failed, and in 1867 obtained his discharge in bankruptcy. George Barton, a son of Peter, in some way (in what way is not stated) acquired a title to the farm. He became insane before 1862, and so remains. His guardian, about July 1, 1874, sold the farm to this plaintiff, and laboring under the mistake that Peter gave the mortgage of September 18, 1846, directly to the defendants to secure the payment of the note, instead of to Martin to save him harmless for signing it as his surety, induced this plaintiff to give, in part payment of the agreed price, his note for the same amount to the defendants, with a mortgage of the farm to secure its payment, whereupon the defendants surrendered the old note. Upon this state of facts, the mistake is quite as immaterial as before. The defendants were legally entitled to the benefit of the mortgage from Peter to Martin, and the guardian in paying, or providing for the payment of, the original note out of the avails of the farm, did no more than equity would compel him to do. *Bank* v. *Herrick,* 61 N. H. ——; *Holt* v. *Bank,* 62 N. H. ——.

*Demurrer sustained.*

BLODGETT, J., did not sit: the others concurred.