LIBBY & a. *v.* MT. MONADNOCK MINERAL SPRING & LAND CO. & Trs.

| 67 | 587 |
| 74 | 18 |
| 74 | 209 |

On the issue of the chargeability of a trustee in foreign attachment, a written contract between the trustee and the principal defendant cannot be varied by evidence of a contemporaneous parol agreement.

FOREIGN ATTACHMENT. Trial by the court. The principal defendants are a corporation. The trustees subscribed for, and by an agreement with the other subscribers in writing contracted to take, each, five hundred shares of the defendants' capital stock, of the par value of one dollar, and to pay therefor one dollar a share. Subject to the plaintiffs' exception, they were permitted to show that at the time of their subscription it was orally agreed between them and the two promoters of the company that they should pay twenty-five cents only for each share of their stock; and that after the corporation was organized they paid to the two promoters (one of whom was the president and the other the treasurer of the corporation), in pursuance of the oral agreement, $125 each, and received each a receipt for $500 and a certificate for five hundred shares of paid-up stock.

*C. Edward Wright*, for the plaintiffs.

*Bingham & Bingham* (with whom were *James I. Parsons* and *Ladd & Fletcher*), for the trustees. The evidence offered, to show what the real contract between the trustees and the corporation was, was properly admitted. The plaintiffs were not parties to that contract. "The rule that evidence cannot be admitted to contradict or add to the terms of a written instrument has no application to third persons who are not parties to the written agreement." *Woodman* v. *Eastman*, 10 N. H. 359, 365; *Fiske* v. *McGregory*, 34 N. H. 414, 419; *Wilson* v. *Sullivan*, 58 N. H. 260; *Furbush* v. *Goodwin*, 25 N. H. 425.

CARPENTER, J. In a suit at law between the parties to a written agreement, or those claiming under it, extrinsic evidence is not admissible to contradict or alter its terms. The agreement does not conclude strangers. In a controversy between them, or between one of the contractors and a stranger, either party may show by parol that the written contract was made by mistake or fraud, or that by design of the parties it misrepresents the true transaction. *Woodman* v. *Eastman*, 10 N. H. 359; *Low* v. *Blodgett*, 21 N. H. 121; *Edgerly* v. *Emerson*, 23 N. H. 555, 565; *Furbush* v. *Goodwin*, 25 N. H. 425; *Fiske* v. *McGregory*, 34 N. H. 414; *Wilson* v. *Sullivan*, 58 N. H. 260; *Lee* v. *Adsit*, 37 N. Y. 78; *Coleman* v. *First National Bank*, 53 N. Y. 388; *Sprague* v. *Hosmer*, 82 N. Y. 466; *Barreda* v. *Silsbee*, 21 How. 146, 169, 170.

In foreign attachment the plaintiff is not a stranger to the contract which he seeks to enforce against the trustees. He claims under and in the right of the defendant. With exceptions not here material (P. S., c. 245, s. 20, *Woodbridge* v. *Morse*, 5 N. H. 519, *Quigg* v. *Kittredge*, 18 N. H. 137, 139, *Bucklin* v. *Powell*, 60 N. H. 119) the trustee is chargeable for whatever sum the defendant could recover against him in an action on the contract,

and is not chargeable unless the defendant could recover. *Forist* v. *Bellows*, 59 N. H. 229, 232, and cases cited. The question of his liability is determined upon the same principles of law, and, if a trial by jury or court is elected, upon the same evidence as it would be in such an action. The trustee cannot in general adduce any testimony against the plaintiff which would be inadmissible against the principal defendant. *Currier* v. *Taylor*, 19 N. H. 189, 191, 192; *Heywood* v. *Brooks*, 47 N. H. 231, 235. If the law were otherwise it might in many cases, as it would in this case (assuming the alleged parol contract to be valid — *White Mts. Railroad* v. *Eastman*, 34 N. H. 124), practically nullify the statutes of foreign attachment. A judgment discharging these trustees would not affect their liability to the principal defendants. In an action subsequently brought by them on the contract of subscription the parol evidence could not be received, and they would be entitled to recover.

*Exceptions sustained.*

WALLACE, J., did not sit: the others concurred.