KELLY v. BOWERMAN.

1. ASSIGNMENT OF RENTS—MORTGAGES.
    An assignment of rents of mortgaged property, to be received by the mortgagee and applied upon the mortgage, is valid.

2. SAME—ATTORNMENT.
    Where a lessor assigns the lease, the lessee is under legal obligation to pay the rent to the assignee; no formal act of attornment being necessary.

3. SAME—POWER OF ATTORNEY—REVOCATION.
    An instrument purporting to be a power of attorney, authorizing the attorney to collect the rents from mortgaged premises and apply them upon the mortgage, and assigning the rents, not only from the leases then in existence, but from those thereafter to be made, as security for the mortgage debt until it should be fully paid, is not revoked by the death of the mortgagor.

4. MORTGAGES—CONSENT DECREE—ADMISSIONS—ADMINISTRATORS.
　　A decree entered by consent in a foreclosure suit, adjudging
　　that the mortgagee "has been and is in possession, and is
　　entitled to the possession and control, of the premises,
　　* * * and empowered to collect all rents," is a conces-
　　sion by the mortgagor that the mortgagee is entitled to the
　　rents, which is binding upon the mortgagor's administrator.

Error to Wayne; Lillibridge, J. Submitted June 9,
1897. Decided June 28, 1897.

*Assumpsit* by John Kelly, Jr., against William J.
Bowerman and another for rent. From a judgment for
plaintiff on verdict directed by the court, defendants
bring error. Affirmed.

This is a suit brought by plaintiff in justice's court,
February 9, 1885, as assignee of a lease executed by one
Catherine Brennan to the defendants on May 16, 1894.
Plaintiff recovered judgment in both justice's and circuit
courts.

Mrs. Brennan was the owner of the property, and on
August 24, 1895, borrowed of plaintiff $7,284, and gave
him a mortgage to secure the same upon the real estate
described in the lease. That mortgage contained the fol-
lowing provision:

"And it is hereby expressly stipulated and agreed upon,
by and between the parties hereto, and as a condition pre-
cedent to the consummation of this loan, and as a part of
the consideration of the same, that the said first party
hereto assign, sell, and turn over unto said second party,
or his authorized attorney, all the rents and profits of said
premises; and the said first party, as an additional col-
lateral security for the moneys hereby secured, does
hereby sell, assign, and transfer to said second party, his
agent or attorney, all the rents, issues, and profits of the
said premises,—said second party being hereby authorized
and empowered to collect the said rents and profits, and
to receipt for the same, as fully as would the first party
herein. Said rents and profits shall be applied on the
debt herein secured, and this assignment shall continue,
and be and remain in full force and effect, until all

moneys secured hereby be fully paid, with all interest and expenses.  This mortgage is made to secure all notes made by said first party to said second party, in addition to the above amount, at any time."

Plaintiff resided in New York, and his brother, Ronald Kelly, an attorney in Detroit, attended to the business. Under this mortgage, possession was given to the plaintiff through his brother, Ronald, who, until the time of the execution of the lease to defendants, had collected the rents, amounting to $2,872.75, and applied them upon the mortgage.  After the execution of the lease to defendants, Mrs. Brennan delivered the lease to Ronald Kelly, and he permitted her and her daughter, who for some reason unexplained executed the lease with her mother, to receive six months' rent.  On May 5, 1887, Mrs. Brennan executed to Ronald Kelly a power of attorney, authorizing him to collect all the rents from these premises, and to apply the same upon the mortgage to the plaintiff.  This power of attorney also contained a clause assigning all the rents from said premises as security for the interest and principal of the mortgage given to plaintiff, until they were fully paid.  On February 2, 1895, plaintiff filed his bill in chancery for the foreclosure of this mortgage.  Decree was rendered February 10, 1896, for $10,-387.25.  The solicitors for the defendants, who are now attorneys for the defendants here, consented to the decree. The decree contains the following provision:

"And it is further ordered, adjudged, and decreed that the said complainant has been and is in possession, and is entitled to the possession and control, of said premises, and to rent and lease the same, and to collect the rents of said premises, and to receipt for the same, and to apply said rents upon the debt secured by said mortgage, until all of the moneys due upon said note and mortgage be fully paid, and that the injunction heretofore granted by this court, restraining said defendants and their agents, etc., is hereby continued, and to be and remain in full force and effect until the further order of this court, or until after the sale of said premises by virtue of this decree, and said complainant is entitled to and em-

powered to collect all rents now due or to become due from said premises, and apply them on the debt herein found due."

The court directed a verdict for the plaintiff.

*Fraser & Gates,* for appellants.

*Ronald Kelly (W. F. Atkinson,* of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The assignment of rents of mortgaged property, to be received by the mortgagee and applied upon the mortgage, is valid. *Michigan Trust Co.* v. *Lansing Lumber Co.,* 103 Mich. 402; *Reading* v. *Waterman,* 46 Mich. 109; *Morse* v. *Byam,* 55 Mich. 598; *Byers* v. *Byers,* 65 Mich. 600.

2. No formal act of attornment was necessary. Where the lessor assigns the lease, the lessee is under legal obligation to pay the rent to the assignee. *Perrin* v. *Lepper,* 34 Mich. 292.

3. The paper executed and delivered to Ronald Kelly for the plaintiff was something more than a power of attorney. If it were a mere power of attorney, the rule invoked by the defendants, that this power is revoked by death, might apply. But it also assigned the rents, and covered, not only the lease or leases then in existence, but also all that might thereafter be made. From the date of the mortgage to the death of Mrs. Brennan, she surrendered to the plaintiff the control of this property in accordance with the terms of the mortgage.

4. While the records and decree in the chancery case might have been excluded, we do not think it was error to admit them. The administrator is defending this suit. That decree is an acknowledgment that plaintiff "has been and is in, and is entitled to, possession and control of the premises, and to collect the rents." This is a concession of the plaintiff's right to the rents, and is binding upon the administrator.

The court was correct in directing a verdict for the plaintiff.

Judgment affirmed.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.