Hillsborough, }
 May 5, 1908. }

## NASHUA LIGHT, HEAT, AND POWER CO. v. FRANCESTOWN SOAPSTONE CO. & Tr.

A tenant of a lessor, who attorns to the owner of the premises to avoid eviction, is not chargeable as the lessor's trustee.

FOREIGN ATTACHMENT. The defendants were defaulted. The issue of the trustee's chargeability was tried before *Peaslee*, J., at the September term, 1907, of the superior court. The trustee was discharged, and the plaintiffs excepted.

February 15, 1905, the defendants leased to the trustee for the term of three years a tract of land, part of which they leased from the Boston & Maine Railroad. Their lease expired June 1, 1905, and was not renewed. The trustee paid rent to the defendants to that date, and afterward to the railroad. The writ was served on the trustee June 9, 1905.

*Henry A. Cutter*, for the plaintiffs.

*Branch & Branch*, for the trustee.

YOUNG, J. The test to determine whether the trustee is chargeable is to inquire whether the defendants could maintain an action against him for rent. *Glauber Mfg. Co.* v. *Voter*, 71 N. H. 68; *Corning* v. *Records*, 69 N. H. 390, 396; *Marsh* v. *Garney*, 69 N. H. 236. It is an answer to such an action for the tenant to show that, in order to avoid eviction, he attorned to the person legally entitled to the immediate possession of the premises. *Russell* v. *Allard*, 18 N. H. 222; *Smith* v. *Shepard*, 15 Pick. 147; *Morse* v. *Goddard*, 13 Met. 177; 11 Cyc. 1120; 8 Am. & Eng. Enc. Law 105–108. The test, therefore, to determine whether the court erred in discharging the trustee is to inquire whether it can be found that the trustee attorned to the railroad in order to avoid eviction; for the plaintiffs do not contend it cannot be found that the trustee acted in good faith, that the railroad's title was superior to the defendants', and that the railroad was entitled to the immediate possession of the premises.

The trustee states in his disclosure that, notwithstanding his lease was not formally cancelled, he paid rent to the railroad after June 1, 1905, because that corporation owned the property. It is clear it can be found from this evidence, not only that the trustee

became the railroad's tenant to avoid eviction, but also that he assumed that relation with the defendants' consent; and either of these facts is fatal to the plaintiffs' right to recover.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.