Coös,
July 1, 1910.

WHITE *v.* FERNALD-WOODWARD CO. *& Tr.,* BARTLETT, *Claimant.*

Where a promissory note is secured by insurance of the property of the maker, who is insolvent, a subsequent holder is entitled to the avails of the policy in the hands of the original payee, as against the latter's creditors.

Where the payee of a note transfers it in good faith and for a valuable consideration, his creditors cannot thereafter charge the maker as trustee of such payee, on the ground that they had no knowledge of the transfer when their action was begun.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimant. Transferred from the December term, 1909, of the superior court upon the plaintiff's bill of exceptions allowed by *Chamberlin,* J.

The principal defendants are copartners, Woodward hereinafter mentioned being a member of the firm. The trustees are the Burbank Company and the Orient Insurance Company. May 23, 1907, Woodward had a claim against the Burbank Company for $6,000, evidenced by a promissory note of that date. The note was secured by a pledge of shares of the capital stock of the Burbank Company, which proved to be worthless, and by a verbal agreement that the company's stock in trade should be kept insured for Woodward's benefit. February 4, 1908, the Burbank Company's property was destroyed by fire, and three days later the corporation gave Woodward an order upon the Orient Insurance Company for the payment of the insurance money to him, the amount collected thereon to be applied in part payment of the note for $6,000. February 13, 1908, the insurers accepted the order, and a receiver appointed by the court has in his hands $3,060.84 collected thereon.

When the order upon the Insurance Company was given to Woodward, the Burbank Company's note for $6,000 was held by the claimant Bartlett, it having been delivered to him by Woodward in October, 1907, as security for the latter's indebtedness upon certain notes, in exchange for other collateral then surrendered by Bartlett. At the date of adjudication, $1,948.76 was due Bartlett upon Woodward's debt for which the Burbank Company's note was pledged.

Upon the foregoing facts a decree was made directing the receiver to pay out of the fund in his hands the sum of $1,948.76 to the claimant, and the plaintiff tendered this bill of exceptions.

*Libby & Coulombe*, for the plaintiff.

*Rich & Marble* and *Drew, Shurtleff & Morris*, for the claimant.

PARSONS, C. J. The liability of the Orient Insurance Company, trustee, to the defendant Woodward existed only through the order given by the Burbank Company and accepted by the Insurance Company. The consideration of the order was the indebtedness of the Burbank Company upon the $6,000 note upon which the proceeds of the order were to be applied. The order therefore was a provision made by the signers of the note for its payment. Their stock is stated to be worthless and it could be found that they are insolvent. Prior to the giving of the order, Woodward had pledged the $6,000 note to the claimant Bartlett. He, as the creditor of an insolvent debtor, may in equity avail himself of any subsisting provision made by his debtor for the payment of the debt. *Hunt* v. *Association*, 68 N. H. 305, 308; *Barton* v. *Croydon*, 63 N. H. 417; *Holt* v. *Bank*, 62 N. H. 551; *Keene etc. Bank* v. *Herrick*, 62 N. H. 174. Trustee process is an equitable proceeding. *Roberts* v. *Norcross*, 69 N. H. 533. With certain exceptions not here material, the plaintiff can charge the trustee for what the defendant could hold and which he could recover against the trustee. *Nashua etc. Co.* v. *Company*, 74 N. H. 511; *Libby* v. *Company*, 67 N. H. 587; *Forist* v. *Bellows*, 59 N. H. 229, 232. While upon the order, as between the parties thereto, Woodward may have had sufficient equity in the $6,000 note to have enabled him to recover against the acceptor the sum held by the receiver, he could not have prevailed against the equitable claim of Bartlett, the owner of the note, to the proceeds of the order to the extent of his interest. Woodward's pledge to Bartlett as collateral was of the whole note—every dollar of the indebtedness; consequently each dollar paid to Woodward by the debtor was in equity Bartlett's until his claim was fully paid.

It is immaterial that the plaintiff when he brought his suit had no knowledge of the transfer of the note to the claimant. It was transferred in good faith for a valuable consideration before the service of the writ. This is all that is necessary to sustain the owner's title. P. S., *c.* 245, *ss.* 22, 23. "The subject for inquiry in all cases is, to whom did the property actually belong, regardless of the question whether at the time of service the trustee had notice of the adverse claim." *Corning* v. *Records*, 69 N. H. 390, 397. As the trustee could not be charged for $1,948.76 of the fund in the hands of the receiver which was the equitable property of Bartlett, the plaintiff cannot except to the order directing its payment to the claimant, apparently made under section 32, chapter 245, Public Statutes.

*Exception overruled.*

All concurred.