No. 14,580.

SERV-US CHAIN STORES, INC. *v.* ARDEN REALTY AND
INVESTMENT COMPANY.

(105 P. [2d] 850)

Decided September 16, 1940.

Mr. Simon Quiat, Mr. Samuel S. Ginsberg, Mr. Nathan H. Creamer, for plaintiff in error.

Messrs. Pershing, Nye, Bosworth & Dick, Mr. Norman A. Hutchinson, Mr. Louis O. Kelso, for defendant in error.

*In Department.*

Mr. Justice Young delivered the opinion of the court.

The parties are aligned here in reverse order of their appearance in the county court. For convenience they are designated as plaintiff and defendant.

The cause was originally tried in a justice of the peace court, the result being a judgment for defendant. Plaintiff appealed to the county court. In that forum plaintiff, at the close of the defendant's testimony, moved for a directed verdict. The court granted the motion, instructed the jury to return a verdict for plaintiff in the sum of $200, and entered judgment accordingly. To reverse this judgment defendant prosecutes a writ of error.

Plaintiff's evidence discloses that the defendant had leased a certain store building from it for a term of five years at a rental of $200 per month. The term of the lease was from March 1, 1937, to March 1, 1942. The lease was duly executed December 17, 1936. Defendant operated a chain of grocery stores and meat markets in the city of Denver and leased the property for the purpose of opening a new store. It entered into possession pursuant to the lease and paid rent therefor in accord-

ance with its terms to and including the month of March, 1938. This action was brought to recover the rent alleged by plaintiff to be due for the month of April, 1938. On the 25th day of April, 1938, defendant gave notice to plaintiff that it was rescinding the lease and tendered back the keys to the building, which plaintiff refused to accept.

When the parties entered into the lease as aforesaid, the store building was only partially completed, plaintiff having had considerable difficulty in obtaining a building permit for the erection of a building for store purposes, due to the opposition of residents in the vicinity. As a result of protests plaintiff was forced into litigation in order to secure a permit, which litigation was determined in this court in the case of *Hedgcock v. People ex rel.*, 98 Colo. 522, 57 P. (2d) 891. The action was in mandamus and, reference being made to it by the parties in their briefs as the mandamus case, we will so designate it in this opinion.

February 11, 1937, the said lease was assigned to the Penn Mutual Life Insurance Company of Philadelphia, Pennsylvania, by a writing in words as follows:

"For value received we hereby assign to The Penn Mutual Life Insurance Company of Philadelphia, Pennsylvania, as additional collateral for a loan of Thirteen Thousand Dollars ($13,000.00), dated February 11, 1937, that certain lease dated December 17, 1936, between The Arden Realty and Investment Company, a Colorado corporation, and The Serv-Us Chain Stores, Incorporated, a Colorado corporation."

Following the determination of the mandamus proceeding above mentioned, Morris Uswalk instituted an action against plaintiff Arden Realty and Investment Company to enjoin it, notwithstanding a permit had been issued, from continuing construction work on its building, and from using it for store purposes if constructed. Service of summons in this injunction suit had been made on the plaintiff October 21, 1936, almost two

months before the parties entered into the lease. The sentiment in opposition to the operation of the store was so intense that several months prior to the execution of the lease the Park Hill Improvement Association had passed a resolution in opposition to the establishment of a mercantile business in the area in which plaintiff's store was located and announcing what was in effect a projected boycott of any business that might be opened in said building.

As a ground for rescission of the lease, and as a defense to the action, defendant charged that fraud had been perpetrated by plaintiff in the negotiations culminating in the execution of the lease; that by reason of the assignment of the lease to it, the Penn Mutual Life Insurance Company was the real party in interest and a necessary party to a determination of the controversy. At the close of plaintiff's testimony defendant raised the latter question by motion for a nonsuit and assigns the denial of that motion as error. At the close of all the testimony, as heretofore indicated, plaintiff moved for a directed verdict for the full amount of its claim, which motion was granted and the judgment was entered in due course. The granting of this motion and the entry of judgment thereon, also is assigned as error. Numerous other errors are alleged, but in the view we take of the case no others require consideration.

■■ Our examination of the record convinces us that the court committed error in overruling defendant's motion for a nonsuit at the close of plaintiff's testimony. Under the assignment of the lease the assignee clearly was entitled to collect the rents. It may be noted that the evidence discloses a default in payments due on plaintiff's note, secured by the mortgage, at the time suit was instituted on the lease for the rent in question. If, as plaintiff contends, it retained such an interest that it was a proper party to a suit for rent under the lease, we think it equally clear that the assignee of the lease was a necessary party and that no judgment properly

could be entered cutting off its right to sue on the lease for the rent then due unless it were made a party. To avoid a multiplicity of suits defendant was entitled to have all necessary parties before the court. The following cases hold that an assignee of a lease acquires the right to sue for rents due thereunder. *Kelly v. Bowerman*, 113 Mich. 446, 71 N.W. 836; *Smith v. Wetherell*, 89 N.H. 106, 193 Atl. 216.

■■ In sustaining plaintiff's motion for a directed verdict, interposed at the close of the testimony, we are of the opinion that the court committed error. It is elementary that if there is any evidence from which reasonable men might find facts which would constitute a defense to plaintiff's cause of action, such a motion should be denied. *Robinson v. Belmont-Buckingham Holding Co.*, 94 Colo. 534, 31 P. (2d) 918. In substantiation of defendant's claim that fraud was practiced by plaintiff during the negotiations which culminated in the execution of the lease, it contends that testimony appears in the record which, if believed by the jury, would establish that defendant's agent specifically asked the president of plaintiff company whether all litigation concerning the property had been settled and that the president replied in the affirmative. Defendant's said agent stated that he knew there had been a mandamus suit against the building inspector of the city of Denver to compel the issuance of a building permit for the construction of the store building, but that he did not know that an injunction suit had been brought by another resident of the neighborhood to prevent the building being used for store purposes, or that summons in that suit and had been served two months before on plaintiff company, and that when the lease was executed that this suit was still pending. Neither did he know that there was strong opposition in the neighborhood to the opening of a store or that the residents in Park Hill, acting through the Park Hill Improvement Society, had threatened to boycott any business that might be opened

in the new building, or that it had published such threats in various ways. This was known to plaintiff. Defendant's agent, who carried on the negotiations for the lease, testified that had he known of the pending injunction suit and the projected boycott he would not have entered into a lease for his company; that upon discovery of the pendency of the suit, January 25, 1937, he immediately notified the president of the plaintiff company who assured him it would shortly be settled. It was still pending and unsettled when defendant rescinded the lease more than a year later. Whether plaintiff through its president was obligated to disclose the projected boycott to the agent of defendant company, with which it may be conceded plaintiff was dealing at arms length, we need not determine, but with knowledge of the threatened boycott, and with knowledge of the stimulation of the adverse conditions which certainly would arise from the pendency of litigation, such as the Uswalk injunction suit, the statement that there was no litigation pending cannot be said, as a matter of law, not to have been a false representation of a very material existing fact. Defendant's agent says he would not have accepted the lease had he known of the litigation and that he did not learn of it until the 25th of January when a contract had been made by his company for fixtures for the store. The business was continued for a year at a loss, due to the pending suit and boycott, during which time defendant was repeatedly assured by the president of plaintiff company that the suit would be settled, but it was still unsettled when defendant rescinded the lease and abandoned the store.

In many opinions of this court the elements required to constitute fraud have been set forth. We cite only three: *Wheeler v. Dunn,* 13 Colo. 428, 22 Pac. 827; *Kilpatrick v. Miller,* 55 Colo. 419, 135 Pac. 780; and *Morrison v. Goodspeed,* 100 Colo. 470, 68 P. (2d) 458. We are of the opinion that there was evidence in the instant case sufficient, if believed by the jury, to establish all

the alleged elements of fraud and that the cause should have been submitted to a jury.

■ Plaintiff contends that by retaining possession of the building for a year defendant should be held to have waived the fraud if such there was. It may be conceded that defendant could not speculate on the effect of discovered fraud. *Grymes v. Sanders*, 93 U.S. 55, 23 L. Ed. 798; *Widman v. Barry,* 63 Colo. 427, 168 Pac. 31; *Ponder v. Altura Co.,* 57 Colo. 519, 143 Pac. 570. That it did so in the instant case is not so clearly established that it may be so declared as a matter of law. When defendant discovered the pending injunction suit it immediately complained to plaintiff, repeatedly did so thereafter, and was as repeatedly assured that the suit would shortly be settled. Defendant's agent, Stamm, says that the pendency of the suit stimulated the boycott, and we are not able to say as a matter of law that it did not; in fact the contrary inference would appear to be the reasonable one. If defendant continued to occupy the leased premises and conduct its business upon the repeated assurances of plaintiff that it would shortly correct the condition that it had falsely represented did not exist, whether it was or was not able to do so within a year, it may not successfully assert that defendant by so continuing, as a matter of law waived the fraud, in view of its continuing assurance that it would remedy the condition. We think the defendant's contention is correct that this case does not differ in principle from *Frosh v. Sun Drug Co.,* 91 Colo. 440, 16 P. (2d) 428, where possession and payment of rent for a year was held not a waiver of an injury sustained from a nuisance that was under the landlord's control.

The judgment is reversed and the cause remanded, further proceedings, if any, to be in accordance with the law as herein announced.

Mr. Justice Bakke and Mr. Justice Burke concur.